UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **THE DISTRICT OF COLUMBIA** | : | |
| **A Municipal Corporation** | : | 1:05CV01309 (RJL) |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **M.J.** | : | |
| **By her parent,** | : | |
| **And her next friend,** | : | |
| **CAROLYN JEPPSEN** | : | |
| | : | |
| **Defendant** | : | |

**M.J. By her parent, And her next friend,
CAROLYN JEPPSEN's  Answer**

**M.J. By her parent, And her next friend, CAROLYN JEPPSEN's** hereinafter "Jeppsen") hereby submits her Answer to the Complaint filed by The District of Columbia.

**First Defense**

The complaint was not timely filed and therefore is barred by the Hearing Officer's Determination issued March 28, 2005 which became a final Order thirty (30) days from the date it was issued.

**Second  Defense**

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

**Answer to the Complaint**

**INTRODUCTION**

1.   The allegations in paragraph 1 of the complaint are conclusions of law by the pleader to which no response is required.

## JURISDICTION

2. The allegations in paragraph 2 of the complaint are conclusions of law by the pleader to which no response is required.

## PARTIES

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits that M.J. ("student") was born on July 6, 1998 and that she has been identified as a student with multiple disabilities including speech & language impairment, hearing impairment, and other health impairment ("OHI").

5. Defendant admits the allegations in paragraph 5.

## FACTS

6. Defendant admits that M.J. began attending the River School in April 2000.

7. Defendant admits in part and denies in part the allegations contained in Paragraph 7 of the Complaint. It is admitted that DCPS initiated a change of placement for the student because of the recent creation of a public program for the hearing impaired students housed at Key Elementary. It is denied that DCPS initiated the change in September. DCPS initiated the change in placement by issuing a Notice of Placement on August 26, 2004 prior to completing the student's IEP or holding a placement meeting.

8. Defendant admits the allegations in paragraph 8.

9. Admitted in part and Denied in part. Defendant admits the assertions that a Settlement Agreement was entered into on November 9, 2004. However, it is denied that the agreement was for DCPS to continue funding the student's

      placement at the River School until DCPS conducted a MDT/IEP meeting.  The agreement stated that DCPS would continue funding the student until the student was appropriately placed in an appropriate special education placement.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Admitted in part and Denied in part.  Defendant admits the assertions that the parties agreed on the goals and objectives.  Defendant denies the allegations that the parties agreed to the number of hours of speech & language services.

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.  DCPS disagreed that the student needed a full time speech & language therapist in the classroom assisting her as she had been receiving in her educational placement at that time.

17. Defendant admits the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20 as they are conclusory in nature and Defendant does not possess the underlying knowledge pertaining to the allegation.  Strict proof at trial will be required.

21. Defendant denies the allegation contained in Paragraph 21 as they are conclusory in nature and Defendant does not possess the underlying knowledge

pertaining to the allegation of the Complaint.  Strict proof at trial will be required.

22. Defendant admits the allegations in paragraph 22 that she disagreed with the proposed placement at Key in so far as the parent wanted the student to remain in a general education setting with the proper accommodations and support where she had been making progress.

23. Defendant denies the allegations contained in Paragraph 23.  Strict proof at trial will be required.

24. Defendant admits the allegations in paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint to the extent that the wording of the allegations differs from the Due Process Hearing Request which was filed on November 23, 2005.  Strict Proof at trial will be required.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint to the extent that the wording of the allegations differs from the Hearing Officer's Determination.  Strict Proof at trial will be required.

29. Defendant denies the allegations contained in Paragraph 28 of the Complaint to the extent that the wording of the allegations differs from the Hearing Officer's Determination.  Strict Proof at trial will be required.

30. The allegations in paragraph 30 of the complaint are conclusions of law by the pleader to which no response is required.

31. The allegations in paragraph 31 of the complaint are conclusions of law by the

pleader to which no response is required.

32. The allegations in paragraph 32 of the complaint are conclusions of law by the pleader to which no response is required.

33. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response stated in paragraphs 1 through 32.

## COUNT II

34. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response stated in paragraphs 1 through 33.

35. The allegations in paragraph 35 are denied.

## COUNT III

36. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response stated in paragraphs 1 through 35.

37. The allegations in paragraph 37 are denied.

## COUNT IV

38. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response stated in paragraphs 1 through 37 above.

39. The allegations in paragraph 39 are denied.

## COUNT V

40. Defendant adopts and incorporates by reference, as if fully set forth herein, each and every prior response stated in paragraphs 1 through 39 above.

41. The allegations in paragraph 41 are denied.

**General Denial**

Defendant denies all allegations not previously admitted or otherwise answered. Defendant admits no allegations unless clearly so stated above. Defendant also reserves the right to amend its Answer and to add defenses that become apparent in discovery.

WHEREFORE, having fully answered, defendant respectfully urges the Court to uphold the hearing officer's determination and dismiss the Complaint on the merits with prejudice and award defendant reasonable attorney fee's including reasonable costs and expenses and any other relief that this Court deems just.

Respectfully Submitted,

Signed
Ellen Douglass Dalton, Esq.
DC Bar No. 411612
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22312-5045
703-739-4300
703-739-2323 – fax