**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| A Municipal Corporation | : | |
| One Judiciary Square | : | |
| Washington, D.C. 20001 | : | |
| | : | |
| | : | Civil Action No. 05-1309 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| M.J. | : | |
| By her parent, | : | |
| And next friend, CAROLYN JEPPSEN | : | |
| 5818 Chevy Chase Pkwy, NW | : | |
| Washington DC 20015 | : | |
| | : | |
| | : | |

**REPORT OF PARTIES UNDER LOCAL RULE 16.3**

I.    STATEMENT OF FACTS AND STATUTORY BASIS FOR CAUSES OF
ACTION AND DEFENSES:

Plaintiff's Statement of Facts:

This is an action brought under the Individuals with Disabilities Education Act,

20 U.S.C. §§ 1400-1461, appealing a Hearing Officer's Determination issued on March

28, 2005.  In his decision the Hearing Officer found that the District of Columbia Public

Schools ("DCPS") did not deny the student a free and appropriate public education

("FAPE"); and, that DCPS sustained its burden of proof that the student's IEP was

developed to meet her unique needs.  Nonetheless, the Hearing Officer ordered DCPS to

continue to place and fund the student at the River school, a private school, even though

DCPS proposed an appropriate public school, Key elementary school.

D.C. Code Sec. 38-2501 provides that DCPS is to first place a student at a public school if the public placement is appropriate.

Defendant's Statement of Facts:

This is an action brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461, appealing a Hearing Officer's Determination issued on March 28, 2005. In his decision the Hearing Officer found that the District of Columbia Public Schools ("DCPS") sustained its burden of proof that it allowed the parent full participation in the placement decision; and, that DCPS sustained its burden of proof that the student's IEP was developed to meet her unique needs. The Hearing Officer concluded, "there is fundamentally no dispute over the appropriateness of the IEP but a dispute over the setting". On the final issue, the Hearing Officer concluded that DCPS did not sustain its burden of proof in demonstrating that the proposed change in placement was appropriate.

DCPS proposed the Key School, a DCPS public school and the Parent requested that the student remain at the River School, a private school where DCPS had placed the student previously.

The Hearing Officer concluded that DCPS did not conduct it's own evaluations of the student or present testimony that sufficiently rebutted the parents' experts who had significant experience with the student. The Hearing Officer further concluded that the one expert that DCPS presented had not observed the student and had only reviewed her Speech & Language report and there was credible evidence of the detrimental effects of

the student changing placements and adjusting to a new teaching methodology at this

juncture in her educational career.

DCPS filed a Motion for Reconsideration on April 1, 2005.  The Parents filed a Response

to the Motion for Reconsideration on April 11, 2005.  On June 2, 2005, the Hearing

Officer Denied DCPS's Motion for Reconsideration.


II.  Rule 16(c) matters were discussed and agreed upon as follows:

(1) Case Tracking Category and Resolution by Summary Judgment.

The parties consider that all issues can be resolved by motion for summary

judgment.


(2) Factual and Legal Issues; Joining of Additional Parties; Amendment of  Pleadings

The parties do not anticipate that other parties will be joined.  However, the

parties agree that  M.J. is represented by both her parents as next friends, Carolyn and

David Jeppsen and would like future pleadings to reflect this fact.  The parties agree that

August 18, 2005, should be the deadline for amendment of pleadings.

(3)  Assignment to Magistrate Judge

The parties agree that this case should not be transferred to a magistrate judge.

(4) Potential for Settlement

The parties do not believe there is a reasonable possibility of settling this case.

(5) ADR Procedures

The parties believe that ADR procedures would not be of use in this case.

(6) Motions for Summary Judgment

The parties consider it likely that all the issues can be resolved by summary judgment.

The parties propose the following timelines:

      (1) the administrative record to filed by September 30, 2005;

      (2) Motions for summary judgment to be filed 45 days after the filing of the administrative record.  (November 14, 2005)

      (3) Oppositions to be filed 30 days after Motions are filed and served; (December 14, 2005)

      (4) Replies to be filed 15 days after Oppositions are filed and served; (December 29, 2005)

      (5) Court's decision to be entered 30 days after Replies are filed.  (January 28, 2006)

(7) Rule 26(a)(1) Disclosure

    (a)  The parties agree to dispense with Rule 26(a)(1) disclosure..

(8) Extent of Discovery

    (a)  The parties agree that no discovery is necessary.

(9) Rule 26(a)(2)

    The parties do not currently anticipate any need to present expert testimony.

(10) N/A

(11) Bifurcation of Trial or Discovery

    The parties agree that trial should not be bifurcated.

(12) Pre-Trial Conference Date

    N/A

(13) Trial Date

      N/A

(14) Other Matters

      N/A

                    Respectfully submitted,


                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia


                    GEORGE C. VALENTINE
                    Deputy Attorney General


                    /s / Edward P. Taptich
                    EDWARD P. TAPTICH [012914]
                    Chief, Equity, Section 2


                    /s/ Maria L. Merkowitz
                    MARIA L. MERKOWITZ [312967]
                    Senior Assistant Attorney General
                    Equity, Section 2
                    441 4th Street, N.W.
                    Sixth Floor North
                    Washington, DC 20001
                    (202) 442-9842
                    FAX  -  (202) 727-3625


                    /s/ Ellen Douglas Dalton
                    ELLEN DOUGLAS DALTON [411612]
                    Dalton, Dalton and Houston, P.C.
                    1008 Pendleton Street
                    Alexandria, Virgina 22312-5-45
                    703-739-4300
                    FAX – 703-2323


August 12, 2005