IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| | : | Civil Action No. 05-1309 |
| Plaintiff, | : | (RJL) |
| | : | |
| v. | : | |
| | : | |
| JEPPSEN | : | |
| | : | |
| Defendant | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
A MOTION TO DISMISS BASED ON NEW FACTS
RENDERING THIS CASE MOOT**

Comes now Defendant, by and through counsel, and moves this honorable Court to grant Defendant leave to file a Motion to Dismiss due to the outcome of a recent administrative hearing rendering this Court unable to grant the Plaintiff any effectual relief sought in its Complaint and rendering the issues on appeal moot.

On January 23, 2006, a Due Process Hearing was held for M.J. regarding the same issues and same facts as the underlying facts and issues of Plaintiff's current appeal.  (*See* Def.'s Ex. 1.) The only difference between the March 9, 2005 Hearing underlying this appeal and the Hearing held on January 23, 2006 is the time frame.  At the March 9, 2005 Hearing, the Plaintiff argued that the Key School was appropriate for M.J. for the 2004-2005 school year.  The Hearing Officer ruled that the Plaintiff failed to meet its burden, and thus placed M.J. at the River School. In the Hearing on January 23, 2006, the Plaintiff again argued that the Key School was appropriate for M.J. for the 2005-2006 school year.  At the Hearing, the Plaintiff began presenting its case and, after calling its first witness, realized that it could not sustain its burden

of proof. Thus, the Plaintiff stopped the hearing and approached the Defendant for a settlement. The Plaintiff agreed to place and fund M.J. at The River School for the 2005-2006 school year. The Plaintiff further agreed that M.J.'s placement for the 2005-2006 school year at the River School "will be unaffected by the pending federal litigation on the 2004-2005 school year." (Def.'s Ex. 2 at 2.) The settlement agreement was entered into on the record and was incorporated into a Hearing Officer's Decision ("HOD"). (*See* Def.'s Ex. 2.) The Hearing Officer further urged both parties to notify this Court of these new facts and also urged DCPS to withdraw its federal complaint appealing the prior HOD rendered on March 29, 2005.

Due to this recent turn of events which occurred after the deadline for filing Motions for Summary Judgment, the Defendant seeks permission to file a Motion to Dismiss, because Plaintiff's issues are now moot and this Court cannot grant the Plaintiff any relief sought in its Complaint.

Pursuant to Local Rule 7, Defendant's counsel called Plaintiff's counsel to obtain her consent, however Plaintiff's counsel did not consent to Defendant filing a Motion to Dismiss based on these new facts rendering the issues moot. Please see the accompanying Memorandum of Points and Authorities.

                                                  Respectfully submitted,

                                                  _____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant
Bar # 411612
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (fax)

January 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| | : | Civil Action No. 05-1309 |
| Plaintiff, | : | (RJL) |
| | : | |
| v. | : | |
| | : | |
| JEPPSEN | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE
A MOTION TO DISMISS BASED ON NEW FACTS
RENDERING THIS CASE MOOT**

1. "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Beethoven.com LLC v. Librarian of Cong.*, 394 F.3d 939, 950 (D.C. Cir. 2005).

2. "If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." *McBryde v. Comm to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001).

Respectfully submitted,

/s/

ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant
Bar # 411612
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (fax)

January 31, 2006

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 31st day of January, 2006.

                /s/
_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant