IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| | : | |
| | : | Civil Action No. 05-1309 |
| Plaintiff, | : | (RJL) |
| | : | |
| v. | : | |
| | : | |
| JEPPSEN | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE FOR TO FILE A MOTION TO DISMISS**

  Comes now plaintiff, by and through counsel, and opposes defendant's Motion for Leave to File a Motion to Dismiss on the following grounds:  On August 5, 2005, plaintiff filed its Complaint alleging that a Hearing Officer erred when he ordered the District of Columbia Public Schools ("DCPS") to continue to place and fund the student at the River School, a private school, despite finding that both DCPS and River agreed that the student required 25.5 hours of specialized instruction per week.  The River School is not a special education school.

  In its Complaint, which only appealed the Hearing Officer's Decision ("HOD") as it applied to the 2004-2005 school year, plaintiff sought, *inter alia*, that this Court find that DCPS met its obligation to provide the student with a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400 *et seq*., award reasonable costs and expenses, including attorney's fees,

and <u>award any other relief that this Court deems just.</u>  (Complaint at 7)  (Emphasis added).

In its motion, dated January 31, 2006, defendant claims that a second hearing was held concerning the student on January 23, 2006.  At that time, because one of DCPS' witnesses was unavailable to testify, DCPS realizing it could not meet its burden of proof, entered into a settlement agreement with the defendant, agreeing to place and fund the student at River for the 2005-2006 school year.

The fact that the plaintiff has agreed to place and fund the student at the River School for the 2005-2006 school year, because it realized it could not prevail at the administrative hearing, does not mean that the Hearing Officer was correct in his Decision concerning the prior school year.

Defendant claims that the instant case is moot because of the current HOD.  However, that is not the case.  Should plaintiff prevail in her appeal because this Court concludes that DCPS did provide a FAPE to the student during the 2004-2005 school year, DCPS would be entitled to reimbursement for the monies expended on the student while she attended a private school.[1]

## **CONCLUSION**

The instant case was filed on August 5, 2005, appealing a Hearing Officer's Decision regarding placement of the student in the 2004-2005 school year.  The fact that a settlement agreement was entered into between the plaintiff and defendant, concerning a completely different school year does not render the instant case moot.  This Court issued a Schedule for the filing of Motions.  The time for defendant to file any type of

---

[1] There is nothing in the record to suggest that the parents are unable to pay the tuition. The mother is an attorney.  (Tr. at 160)

motion has long passed, and it would serve no purpose, at this time, to re-open the case and institute a completely new scheduling order. For all the reasons stated above, plaintiff opposes defendant's motion and requests that this Court deny said motion.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General for the District of Columbia

    /s/ Edward P. Taptich
    EDWARD P. TAPTICH [012914]
    Chief, Equity, Section 2

    /s/ Maria L. Merkowitz
    MARIA L. MERKOWITZ [312967]
    Senior Litigation Counsel
    441 4th Street, N.W.
    Sixth Floor North
    Washington, DC 20001
    (202) 442-9842
    FAX - (202) 727-3625

February 14, 2006