IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 05-1309 |
| v. : | (RJL) |
| : | |
| JEPPSEN : | |
| : | |
| Defendant : | |
| : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE
A MOTION TO DISMISS BASED ON NEW FACTS
RENDERING THIS CASE MOOT**

Comes now Defendant, by and through counsel, and replies to the Plaintiff's Opposition to the Defendant's Motion that this honorable Court grant Defendant leave to file a Motion to Dismiss due to the outcome of a recent administrative hearing. In its Opposition, the Plaintiff fails to show why leave should not be granted.

**I.    Motion to Dismiss due to Mootness is Not Untimely**

Plaintiff argues that since the time has passed for the filing of motions for summary judgment, that the Defendant is now prohibited from filing *any* motion in this case. The new facts rendering this case moot arose *after* the deadline for filing summary judgment motions. Moreover, any dispositive motions are deemed timely filed "if filed sufficiently in advance of the pretrial conference." LCvR 7(l). The Court has yet to rule on the summary judgment motions and a pretrial conference has not yet been scheduled. As such, a motion to dismiss can be filed at this time. In the interests of equity and not burdening the Court's already busy calendar, it is

appropriate for the Defendant to now move for a dismissal based on the new facts, or at the very least for the Court to grant leave to hear the Defendant's arguments for why dismissal is appropriate.

> II. **Plaintiff Did Not Enter the Settlement Agreement Due to the Unavailability of a Witness.**

In its Opposition, Plaintiff incorrectly states that DCPS entered into a settlement agreement due to the unavailability of a witness. At the January 23, 2006 Hearing, the Plaintiff began presenting its case and, after calling its first witness, realized that it could not sustain its burden of proof. DCPS called as its first witness Ms. Pamela Owens, who testified that a Notice of Placement was issued for 100% out of general education. On cross examination, however, Ms. Owens was shown the IEP developed on September 12, 2005 reflecting that M.J. was to be out of the general education classroom only 0-20% of the time. Realizing that the Notice of Placement DCPS issued was in direct conflict with the IEP that they participated in developing, the Plaintiff stopped the hearing and approached the Defendant for a settlement. While it is correct that a DCPS witness, a teacher in the hearing impaired program, was unavailable to testify, DCPS proffered that her testimony was simply to describe the hearing impaired program at the Key School. DCPS was able to and in fact did move forward without this witness, because present at the Hearing was the Director of the hearing impaired program at the Key School, who was just as knowledgeable about the program and capable of describing it. Thus, DCPS entered into the settlement, because they were aware that after their first witnessed testified, they were not able to meet their burden.

### III. Plaintiff's Request for Reimbursement is Inappropriate.

In its Complaint, the Plaintiff's relief sought included a determination that, *inter alia*, DCPS met its obligations under IDEA, an award of reasonable costs and expenses, including attorney's fees and any other relief that this Court deems just. The Plaintiff now argues that the phrase "any other relief that this Court deems just" includes reimbursement by the Parents of M.J. for the money that funded M.J.'s placement at the River School. First, this type of relief is very specific and as such should have been outlined separately in the Plaintiff's request for relief. *See* Fed. R. Civ. P. 8(a)(3). No reasonable mind would conclude that the phrase "any other relief that this Court deems just" includes reimbursement for a specific amount of money. Plaintiffs cannot now change the relief they seek, due to the underlying issues becoming moot and the Court being unable to grant any effectual relief sought in its Complaint.

Even if the Plaintiff had requested tuition reimbursement in its original Complaint, such relief is inappropriate and cannot be recovered from the Defendant. M.J. was originally placed at the River School by DCPS in April 2000. Since that time, DCPS has continuously funded her placement there. When DCPS attempted to change her placement, a due process complaint was filed and the protections of Stay Put were invoked pursuant to 20 U.S.C. § 1415(j). *See also* 34 C.F.R. § 300.514. Since Stay Put protections were invoked, M.J. was permitted to stay at the River School, and DCPS was required to continuing funding her placement there, during the pendency of the hearing. Even if the Hearing Officer had ruled in favor of DCPS at the March 9, 2005 hearing and changed M.J.'s placement to the Key School, M.J.'s parents would not have been required to reimburse DCPS for the time she remained at the River School under Stay Put. Plaintiff's argument flies in the face of IDEA and the Stay Put requirement. If parents were required to reimburse funds expended on their child during the pendency of a due process

3

hearing, the parents would never feel comfortable with bringing a due process claim for fear of having to owe money to DCPS if they lose.

Even if tuition reimbursement was an appropriate form of relief, it cannot be recovered from the Defendant. When DCPS placed M.J. at the River School, they sent their funding directly to the River School. The Defendant never received any money from DCPS to forward to the River School as payment for tuition. If the Plaintiff somehow believes that it is appropriate to seek tuition reimbursement as a form of relief, it should be sought against the River School, not the Defendant. The Defendant cannot reimburse funds that they never received.

Finally, any inferences in the Plaintiff's footnote 1 are inappropriate as the Plaintiff has no knowledge of the Defendant's income or financial status. In fact, M.J.'s Mother is an attorney in education, but is currently a stay at home mom. (Tr. at 161.) Furthermore, any reference to the Defendant's level of income is irrelevant as the IDEA protects all classes of citizens regardless of financial status.

The Plaintiff opposes the Defendant's Motion for Leave based on its argument that this Court can award it relief in the form of tuition reimbursement. As stated above, such relief is not appropriate and cannot be sought from the Defendant. As such, no effective remedy remains for the Plaintiff to seek, and thus the Defendant should be permitted to move this Court to dismiss the case. The interests of judicial economy are served by the Court's consideration of the dispositive motion. As the Defendant believes that the motion shows that dismissal is required, there is no point in going forward on the merits until the motion is submitted and decided.

## **CONCLUSION**

For the reasons set forth above and in the Defendant's original Motion for Leave, the Defendant seeks leave to file a Motion to Dismiss based on the outcome of a recent administrative hearing rendering this Court unable to grant the Plaintiff any effectual relief sought in its Complaint and rendering the issues on appeal moot.

Respectfully submitted,

_____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant
Bar # 411612
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
February 21, 2006        (703) 739-2323 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 21st day of February, 2006.

_____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant