IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA : | |
| : | |
| Plaintiff, : | Civil Action No. 05-1309 |
| : | (RJL) |
| v. : | |
| : | |
| JEPPSEN : | |
| : | |
| Defendant : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Comes now plaintiff, by and through counsel, and opposes defendant's Motion for Reconsideration. In her motion defendant states that a hearing subsequent to the one under consideration by this Court was held on January 23, 2006. Defendant admits that there is a difference in time frame between the two hearings. Defendant further admits that at the March 9, 2005 Hearing[1] "plaintiff argued that the Key School was appropriate for M.J. for the 2004-2005 school year." (Mot. at Ex. B) (Emphasis added) Defendant further states, and plaintiff does not dispute the fact, that DCPS entered into a settlement agreement with the defendant to place and fund the student at The River School for the 2005-2006 school year.[2] Defendant further states, and again plaintiff does not dispute the

---

[1] The Hearing that is the subject of the instant lawsuit.

[2] The major reason the settlement was entered into was because a special education teacher, who was to testify on behalf of DCPS, and was considered to be an essential witness, was unable to testify due to a family emergency in New York. DCPS requested a continuance because the emergency occurred over the weekend and the attorney handling the matter only learned of the witness' absence shortly before the hearing, The motion for a continuance was denied. (Def.'s Ex. A / Tr. at 5-6)

fact that DCPS agreed that the placement of the student for the 2005-2006 school year would not be affected by the current litigation.

In the case pending before the Court at this time, plaintiff claims that the Hearing Officer ("HO") erred in his March 28, 2005, Determination when he found that DCPS had failed to meet its burden of proof that its proposed placement for the <u>2004-2005</u> school year was appropriate.  The only reason the HO concluded that DCPS had not sustained its burden was because "[t]he parent's counsel presented more experts to support a finding that the student's current placement and the methodology used is the most appropriate for the student's needs."  (R. at 13) Plaintiff contends that the burden of proof is not necessarily met by the number of witnesses one side presents but rather whether the evidence, taken as a whole, supports the proponent's position.

The attorney for DCPS was very clear at the January 23, 2006, Hearing that "there is an appeal filed on a prior Complaint for the '04 / '05 school year.  And even if DCPS is the prevailing party in that appeal, that will not affect the placement for the '05 / '06 school year."  (Def.s Ex. A / Tr. at 68).  In response to DCPS' counsel's statement, the HO stated "[w]ell, how about if I just say it will be unaffected by - - results of pending federal litigation."  (<u>Id</u>. at 68)   The HO subsequently requested DCPS to "remove <u>this</u> case from the docket of the federal court", referring to the matter before him at the time, possibly presuming that a lawsuit had been filed in federal court.

As previously stated in its Opposition to Defendant's Motion for Leave to File a Motion to Dismiss, the instant lawsuit is not moot and the issues to be decided have been fully briefed pursuant to this Court's Scheduling Order.  The Court appropriately denied defendant's Motion for Leave, and apart from a misinterpretation of what the HO stated

at a hearing subsequent to the one at issue here, defendant has nothing new to add to arguments previously presented. Accordingly, this Court should deny defendant's Motion for Reconsideration.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia


        GEORGE C. VALENTINE
        Deputy Attorney General for the District of Columbia


        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2


        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Litigation Counsel
        441 4th Street, N.W.
        Sixth Floor South
        Washington, DC 20001
        (202) 442-9842
        FAX  -  (202) 727-3625

March 24, 2006