IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 05-1309 |
| v. | : | (RJL) |
| | : | |
| JEPPSEN | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

Comes now Defendant, by and through counsel, and replies to the Plaintiff's Opposition to the Defendant's Motion that this honorable Court reconsider its Order denying Defendant leave to file a Motion to Dismiss. In its Opposition, the Plaintiff fails to show why reconsideration is inappropriate.

I.   **Plaintiff Did Not Enter into the Settlement Agreement Due to the Unavailability of a Witness.**

In its Opposition, Plaintiff incorrectly states in footnote number two that DCPS entered into a settlement agreement due to the unavailability of an "essential witness." (*See* Opposition at 1 n.2.) At the January 23, 2006 Hearing, the Plaintiff began presenting its case and, after calling its first witness, realized that it could not sustain its burden of proof. DCPS called as its first witness Ms. Pamela Owens, who testified that a Notice of Placement was issued for 100% out of general education. On cross examination, however, Ms. Owens was shown the IEP developed on September 12, 2005 reflecting that M.J. was to be out of the general education classroom only 0-20% of the time. Realizing that the Notice of Placement DCPS issued was in

direct conflict with the IEP that they participated in developing, the Plaintiff stopped the hearing and approached the Defendant for a settlement. While it is correct that a DCPS witness, a teacher in the hearing impaired program, was unavailable to testify, DCPS proffered that her testimony was simply to describe the hearing impaired program at the Key School. (*See* Def.'s Ex. A at 5-8.)[1] This witness was not an "essential" witness as the Plaintiff's Opposition states. DCPS was able to and in fact did move forward without this witness, because present at the Hearing was the Director of the hearing impaired program at the Key School, who was just as knowledgeable about the program and capable of describing it. Thus, DCPS entered into the settlement, because the DCPS attorney became aware after the first DCPS witness testified, that the placement proposed by DCPS was blatantly not appropriate. The student's IEP called for M.J. to be in a general education setting for the majority of the day with only 6 % of her time in a special education setting. However, the Notice of Placement issued by DCPS called for the student to be in an Out of General Education placement (100%) and rejected a Combination Program of part Special Education and part General Education setting. Knowing that they could not meet their burden of proving that FAPE had been provided, DCPS approached the defendant to settle the case.

> **II.    The Hearing Officer Ruled on the Substantive Evidence Presented by DCPS, Not on the Mere Number of Witnesses Called to Testify.**

The Plaintiff misrepresents the March 28, 2005 Hearing Officer's Decision by stating "the only reason the HO concluded that DCPS had not sustained its burden" (Pl.'s Opp'n at 2)

---

[1] Defendant's Exhibit A was filed with its original Motion for Reconsideration on March 15, 2006.

was due to the parent presenting more expert witnesses than DCPS. The Plaintiff is correct in its contention that "the burden of proof is not necessarily met by the number of witnesses one side presents but rather whether the evidence, taken as a whole, supports the proponent's position" (*Id.*), and this is exactly what the Hearing Officer did. The Hearing Officer weighed the substantive testimony of each witness and found that DCPS did not meet its burden. The Hearing Officer found that the parent's experts had "experience and history with this student." (Def.'s Ex. C at 13.) The Hearing Officer further stated, "The sheer number of witnesses and experts is not the determining factor as to which party will prevail. However, the one expert DCPS presented had not observed the student and had only reviewed her [speech and language] report . . . . Ms. Roberts, [another DCPS witness,] observed the student at River once for a brief period." (*Id.*) Furthermore, "DCPS did not conduct any of its own evaluations of the student." (*Id.* at 2.) The Hearing Officer concluded that while DCPS had presented significant testimony regarding its hearing impairment program, DCPS presented far less evidence regarding M.J., and thus failed to meet their burden of proof demonstrating that their proposed placement was appropriate for M.J.'s individual needs. (*See Id.* at 12-13.)

### III.   The Hearing Officer Recommended that the Instant Case be Removed from the Federal Docket.

The Plaintiff again attempts to confuse the issue and misrepresent the Hearing Officer's recommendation. At the end of the January 23, 2006 hearing, counsel for both parties and the Hearing Officer were discussing the effect of the settlement agreement on the instant federal action regarding placement for the 2004-2005 school year. The Hearing Officer stated, "I would urge you, because the federal courts are overloaded as it is, that action be taken to remove this

case from the docket of the federal court. I know you[2] don't have the power to do that. I don't have the power to do that. But, in light of this agreement, DCPS would be ill-advised to get the wrath of Judge [Leon]." (Def.'s Ex. A at 68-69.) The Plaintiff attempts to argue that the Hearing Officer was "referring to the matter before him at the time, possibly presuming that a lawsuit has been filed in federal court" for the 2005-2006 school year placement. (Pl.'s Opp'n at 2.) This argument is illogical as it is not possible for a federal action to be pending regarding a hearing that had not yet taken place. It is clear from the transcript that Hearing Officer Seymour DuBow, Esq. was referring to the instant federal action since that is what we were discussing at the time and no other federal action was pending.

### CONCLUSION

For the reasons set forth above and in the Defendant's original Motion, the Defendant respectfully requests that this Court reconsider its decision denying the Defendant leave to file a motion to dismiss. As outlined in the transcript of the January 23, 2006 hearing (Def.'s Ex. A) and the Defendant's proposed Motion to Dismiss (Def.'s Ex. B), the issues on appeal in the instant federal action are now moot, and thus in the interest of judicial economy the Court should hear the Defendant's arguments warranting dismissal of this case.

Respectfully submitted,

/s/
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant
Bar # 411612
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
April 3, 2006                                  (703) 739-2323 (fax)

---

[2] The Hearing Officer was referring to the parent's attorney and the attorney for DCPS.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 3rd day of April, 2006.

_____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant