IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1309 |
| | : | (RJL) |
| JEPPSEN, | : | |
| | : | |
|     Defendant. | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S MOTION TO DISMISS BASED ON NEW FACTS
RENDERING THIS CASE MOOT**

COMES NOW, Defendant, by and through counsel, and moves this honorable Court to grant Defendant's Motion to Dismiss due to the outcome of a recent administrative hearing rendering this Court unable to grant the Plaintiff any effectual relief sought in its Complaint and rendering the issues on appeal moot.

On January 23, 2006, a Due Process Hearing was held for M.J. regarding the same issues and same facts as the underlying facts and issues of Plaintiff's current appeal. (*See* Def.'s Ex. 1.) The only difference between the March 9, 2005 Hearing underlying this appeal and the Hearing held on January 23, 2006 is the time frame. At the March 9, 2005 Hearing, the Plaintiff argued that the Key School was appropriate for M.J. for the 2004-2005 school year. The Hearing Officer ruled that the Plaintiff failed to meet its burden, and thus placed M.J. at the River School. In the Hearing on January 23, 2006, the Plaintiff again argued that the Key School was appropriate for M.J. for the 2005-2006 school year. At the Hearing, the Plaintiff began presenting its case and, after calling its first witness, realized that it could not sustain its burden of proof. Thus, the Plaintiff stopped the hearing and approached the Defendant for a settlement.

The Plaintiff agreed to place and fund M.J. at The River School for the 2005-2006 school year. The Plaintiff further agreed that M.J.'s placement for the 2005-2006 school year at the River School "will be unaffected by the pending federal litigation on the 2004-2005 school year." (Def.'s Ex. 2 at 2.)  The settlement agreement was entered into on the record and was incorporated into a Hearing Officer's Decision ("HOD").  (*See* Def.'s Ex. 2.)  The Hearing Officer further urged both parties to notify this Court of these new facts and also urged DCPS to withdraw its federal complaint appealing the prior HOD rendered on March 28, 2005.  (*See* Def.'s Ex. 3 at 68-69.)

Due to this recent turn of events, the Defendant requests that this Court grant its Motion to Dismiss, with prejudice, and determine that the Defendant is the prevailing party and entitled to seek attorneys' fees not subject to the District of Columbia fee cap.  Please see the accompanying Memorandum of Points and Authorities.

April 7, 2006                                                      Respectfully submitted,


                                                                   _____/s/_____
                                                                   ELLEN DOUGLASS DALTON, Esq.
                                                                   Counsel for the Defendant
                                                                   Bar # 411612
                                                                   Dalton, Dalton, & Houston P.C.
                                                                   1008 Pendleton Street
                                                                   Alexandria, Virginia 22314
                                                                   (703) 739-4300
                                                                   (703) 739-2323 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1309 |
| | : | (RJL) |
| JEPPSEN, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS BASED ON
NEW FACTS RENDERING THIS CASE MOOT**

**BACKGROUND**

M.J. is a seven year old child diagnosed with a speech & language impairment ("SLI"), hearing impairment ("HI"), and other health impairment ("OHI") for attention deficit hyperactivity disorder ("ADHD"). She has been attending the River School since April 2000, when DCPS initially placed her there. (*See* Tr. at 161-62.) When DCPS tried to change M.J.'s placement, her Parents filed a due process hearing request. A hearing was held on March 9, 2005 and the Hearing Officer determined that DCPS failed to meet its burden. DCPS then appealed that decision to this Court.

While the appeal from the Hearing Officer's Determination ("HOD") issued on March 28, 2005 was still pending, DCPS convened an MDT/IEP meeting pursuant to the March 28, 2005 HOD, which required DCPS to convene such meeting prior to the start of the 2005-2006 school year. The MDT/IEP meeting was held on September 12, 2005 at the River School. The

only team members from DCPS who participated in the MDT/IEP meeting were Ms. Pamela Owens and Mr. John Schmidt; they participated in the meeting by phone. DCPS chose not to have either a speech and language therapist or an audiologist participate in the meeting. All of the remaining team members were the professionals who had worked with M.J. at the River School and the Parent. During the meeting, the team discussed M.J.'s classroom performance and progress. Ms. Rama Sundaramurthy, M.J.'s prior classroom teacher, stated that M.J. is able to keep up academically with her typically developing peers in the general education classroom. M.J.'s progress was attributed to the support of a full-time speech pathologist who works with her in the classroom. The team also reviewed her recent evaluations which had been completed by the River School.

      The team then revised the student's IEP with new goals and objectives. However, the setting in which M.J. would receive her services remained the same, **a general education setting**. The team also discussed pull-out services and accommodations and aids that M.J. would need in order to continue to access the general education curriculum. The team then discussed placement. The program at the River School was described and it was determined that it could meet M.J.'s needs and implement her IEP in the least restrictive environment. Ms. Owens of DCPS asked that the River School fax the developed IEP to her. She informed the team that a placement decision would be made by DCPS and they would contact the family with a decision in 5-7 days. Parent's counsel urged Ms. Owens that placement discussions should take place with the team assembled and the Parent present. Ms. Owens finally stated that a Notice of Placement ("NOP") for Key Elementary School, a 100% out of general education program, would be issued. (*See* Def.'s Ex. 4.) Parent's counsel reminded DCPS of the previously issued

HOD (underlying this current federal complaint) and asked what circumstances had changed to now make Key an appropriate placement for the student. DCPS took the position that, although nothing at the Key School has changed, the Key School was appropriate and able to meet M.J.'s needs. The meeting concluded with DCPS stating that they would issue an NOP for Key. Parent's counsel advised DCPS that the Parent was not in agreement with the placement recommendation for Key. Subsequently, the IEP was faxed to Ms. Owens and DCPS issued an NOP for the Key School. Thus, another due process complaint notice was filed on November 11, 2005 requesting a hearing pursuant to IDEA and invoking the protections of Stay Put. (*See* Def.'s Ex. 1.)

While the Motions for Summary Judgment were proceeding in this federal case, another due process hearing was held on January 23, 2006. As outlined above, the issues and facts surrounding the January 23, 2006 hearing were identical to the issues surrounding the March 9, 2005 hearing. The only difference between the March 9, 2005 hearing, underlying this appeal, and the hearing held on January 23, 2006 is the time frame. At the March 9, 2005 hearing, the Plaintiff argued that the Key School was appropriate for M.J. for the **2004-2005 school year**; whereas at the January 23, 2006 hearing, the Plaintiff argued that the Key School was appropriate for M.J. for the **2005-2006 school year**.

At the January 23, 2006 Hearing, the Plaintiff began presenting its case and, after calling its first witness, realized that it could not sustain its burden of proof. DCPS called its first witness, Ms. Owens, who testified that a Notice of Placement was issued for **100% out of general education**. On cross examination, however, Ms. Owens was shown the IEP developed on September 12, 2005 reflecting that M.J. was to be **out of the general education classroom**

3

**only 6% of the time**.  Ms. Owens also testified on cross examination that she had received the IEP prior to issuing the NOP for the Key School (*See* Def.'s Ex. 3 at 28-29) and that DCPS never indicated that they were not in agreement with the IEP developed for M.J. (*See Id.* at 35). Realizing that the Notice of Placement DCPS issued was in direct conflict with the IEP that they participated in developing, the attorney for DCPS stopped the hearing and approached the parents' attorney for a settlement.  While it is correct that a DCPS witness, a teacher in the hearing impaired program, was unavailable to testify, DCPS proffered that her testimony was simply to describe the hearing impaired program at the Key School.  (*See* Def.'s Ex. 3 at 5-8.) This witness was not an "essential" witness.  DCPS was able to and in fact did move forward without this witness, because present at the Hearing was the Director of the hearing impaired program at the Key School, who was just as knowledgeable about the program and capable of describing it. (*See Id.* at 7.)   Thus, DCPS entered into the settlement, because the DCPS attorney became aware after the first DCPS witness testified, that the placement proposed by DCPS was blatantly not appropriate.  The  student's IEP called for M.J. to be in a general education setting for the majority of the day with only 6 % of her time in a special education setting.  However, **the Notice of Placement issued by DCPS called for the student to be in an Out of General Education placement 100% of the time and rejected a Combination Program of part Special Education and part General Education setting**.  Knowing that they could not meet their burden of proving they provided FAPE, DCPS approached the Defendant to settle the case.

   In the settlement agreement, the Plaintiff agreed to place and fund M.J. at The River School for the 2005-2006 school year.  The Plaintiff further agreed that M.J.'s placement for the 2005-2006 school year at the River School "will be unaffected by the pending federal litigation

4

on the 2004-2005 school year." (Def.'s Ex. 2 at 2.)  The settlement agreement was entered into on the record and was incorporated into an HOD. (*See* Def.'s Ex. 2.)  The Hearing Officer further urged both parties to notify this Court of these new facts and also urged DCPS to withdraw its federal complaint appealing the prior HOD rendered on March 28, 2005.  Hearing Officer DuBow stated, "I would urge you, because the federal courts are overloaded as it is, that action be taken to remove this case from the docket of the federal court.  I know you don't have the power to do that.  I don't have the power to do that.  But, in light of this agreement, DCPS would be ill-advised to get the wrath of Judge [Leon]." (Def.'s Ex. 3 at 68-69.)

## ARGUMENT

### A.   Applicable Legal Standard

The Court should grant a motion to dismiss if circumstances arise that render the controversy moot and the Court unable to grant any effectual relief.  The U.S. Court of Appeals for the District of Columbia Circuit has held that "[i]f events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." *McBryde v. Comm to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001).  Similarly, "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Beethoven.com LLC v. Librarian of Cong.*, 394 F.3d 939, 950 (D.C. Cir. 2005).

5

## B. The Issues and Facts Underlying this Case are Now Moot and the Court Cannot Grant the Plaintiff Any Effectual Relief Sought in its Complaint

As set forth above, the issues and facts underlying this Complaint are now moot due to the outcome of the due process hearing held on January 23, 2006. This Circuit explained:

> By constitutional design, a federal court is authorized only to adjudicate "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317, 98 L. Ed. 2d 686, 108 S. Ct. 592 (1988), and thus may not "give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653, 40 L. Ed. 293, 16 S. Ct. 132 (1895), *quoted in Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 121 L. Ed. 2d 313, 113 S. Ct. 447 (1992). Accordingly, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant "any effectual relief whatever" to a prevailing party, the appeal must be dismissed. *See Mills*, 159 U.S. at 653.

*Beethoven.com*, 394 F.3d at 950.

The 2004-2005 school year has concluded and M.J. remained at the River School. More importantly, Plaintiff agreed at the January 23, 2006 hearing that M.J.'s placement for the 2005-2006 school year would continue to be at the River School. The Plaintiff further agreed that the outcome of this appeal would not affect M.J.'s placement for the 2005-2006 school year. (*See* Def.'s Ex. 2 at 2.) Additionally, it is premature to decide M.J.'s 2006-2007 placement at this time since her needs may be different six months from now in the fall of 2006. Thus, any relief requested by the Plaintiff that this Court could grant would have no effect on M.J.'s placement at the River School.

In this case, the Plaintiff has never requested any equitable relief beyond an order that this Court (1) issue declaratory relief that DCPS met its obligation to provide the student with a free appropriate public education ("FAPE"), (2) issue declaratory relief that the Key School is

6

appropriate for M.J., and (3) hold that DCPS has the discretion to decide a placement that can implement the student's IEP. (*See* Complaint at 7.) It is well established that only equitable relief may be awarded for violations of IDEA. *See, e.g., Sellars v. Sch. Bd. Of the City of Manassas,* 141 F.3d 524, 526-527 (4th Cir. 1998), *cert. denied,* 525 U.S. 871 (1998) (dismissing IDEA complaint seeking compensatory and punitive damages because they are not permitted under the Act); *Reid v District of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005) (discussing available equitable relief under IDEA). The only equitable relief available for the Plaintiff would have been a determination that M.J. be placed at the Key School. However, not only did the Plaintiff not seek such relief in its Complaint, but such relief is no longer available due to the outcome of the recent hearing. In addition, this Court has denied requests for declaratory judgments, "because IDEA does not provide for declaratory relief." *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 32 (D.D.C. 2004).

In an effort to keep the instant action alive, the Plaintiff now tries to argue that the phrase "any other relief that this Court deems just" includes reimbursement by the Parents of M.J. for the money that funded M.J.'s placement at the River School. First, this type of relief is very specific and as such would have been required to be outlined separately in the Plaintiff's request for relief. *See* Fed. R. Civ. P. 8(a)(3). It is irrational to think that a request for reimbursement of a specific amount of money would fall under the phrase "any other relief that this Court deems just." Secondly, the Defendant never received any funds from DCPS to forward to the River School as payment of tuition. Rather, the funds were transferred from DCPS directly to the River School. Thus, the Defendant cannot reimburse money that they never received in the first place. Finally, and most importantly, M.J. was placed at the River School initially by DCPS and

7

remained there during the pendency of the proceedings under the protections of Stay Put. *See* 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.514. The federal law protections were in place, and thus DCPS was required to continue funding M.J.'s placement at the River School during the pendency of the proceedings. It is ludicrous to think that the Defendant would be required to reimburse funds expended on their child during the pendency of the proceedings if they lost at hearing or on appeal. Such reasoning is completely contrary to the protections offered under IDEA and the Stay Put provisions.

The Plaintiff is also seeking declaratory relief that the March 28, 2005 HOD was incorrect. Despite the fact that "IDEA does not provide for declaratory relief," *Kaseman*, 329 F. Supp. 2d at 32, the Hearing Officer was correct in his decision on March 28, 2005 that DCPS did not meet its burden in showing why the Key School was appropriate for M.J.'s unique needs. The Hearing Officer weighed the substantive testimony of each witness and found that DCPS did not meet its burden. The Hearing Officer found that the parent's experts had "experience and history with this student." (Def.'s Ex. 5 at 13.) The Hearing Officer further stated, "The sheer number of witnesses and experts is not the determining factor as to which party will prevail. However, the one expert DCPS presented had not observed the student and had only reviewed her [speech and language] report . . . . Ms. Roberts, [another DCPS witness,] observed the student at River once for a brief period." (*Id.*) Furthermore, "DCPS did not conduct any of its own evaluations of the student." (*Id.* at 2.) The Hearing Officer concluded that while DCPS had presented significant testimony regarding its hearing impairment program, DCPS presented far less evidence regarding M.J., and thus failed to meet their burden of proof demonstrating that their proposed placement was appropriate for M.J.'s individual needs. (*See Id.* at 12-13.)

The issue of whether the Key School was appropriate for M.J. is now moot because the 2004-2005 school year is over and the Plaintiff conceded at the January 23, 2006 hearing to fund her placement at the River School for the 2005-2006 school year. Furthermore, Plaintiff's request that this Court issue a holding that "DCPS has the discretion to decide a placement that can implement the student's IEP" (Complaint at 7) is in direct conflict with IDEA which states, "[e]ach local educational agency or State educational agency shall ensure that *the parents* of each child with a disability are members of any group that makes decisions on the educational placement of their child." 20 U.S.C. § 1414(e) (emphasis added). Therefore, there is no effectual relief available to the Plaintiff as sought in its Complaint.

## CONCLUSION and RELIEF

For the reasons set forth above, the Plaintiff's claims are now moot and this Court cannot afford any effectual relief to the Plaintiff. Therefore, the Defendant respectfully requests that this honorable Court:

1. Grant Defendant's Motion to Dismiss with prejudice due to new facts rendering the Plaintiff's claims moot;

2. Determine that the Defendant is the prevailing party;

3. Award the Defendant reasonable attorneys' fees not subject to the District of Columbia fee cap[1]; and

---

[1] Section 327 of the District of Columbia Appropriations Act of 2005, 108 Pub. L. 335.

4. Issue any other relief that this Court deems just and appropriate.

April 7, 2006                                         Respectfully submitted,

                                                     _____/s/_____
                                                     ELLEN DOUGLASS DALTON, Esq.
                                                     Counsel for the Defendant
                                                     Bar # 411612
                                                     Dalton, Dalton, & Houston P.C.
                                                     1008 Pendleton Street
                                                     Alexandria, Virginia 22314
                                                     (703) 739-4300
                                                     (703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 7th day of April, 2006.

_____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant