State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs



# Due Process Complaint Notice

- This form is used to give notice of a complaint to the District of Columbia Public Schools, District of Columbia Public Charter School (DCPS or LEA) an/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a Free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. <u>The Student Hearing Office does NOT schedule resolution meetings.</u>

- Mediation is also available to all parties as an alternative to a resolution meeting of a Due Process Hearing.

A.   **INFORMATION ABOUT THE STUDENT:**

**Student Name:** _____Mia Jeppsen_____    **Birth Date:** 7/6/98

**Address:** 5818 Chevy Chase Pkwy, NW, Washington, DC 20015

**Present School of Attendance:** River School

**Is this a charter school?**     No     (If yes, you must provide a copy of this notice to the charter school principal or director)

**Parent/Guardian of the Student:** Carolyn and David Jeppsen

**Address (If different from the student's above):** same as above

1


DEFENDANT'S EXHIBIT 1

Phone/Contact Number:    (202) 537-6076         Fax Number (if applicable):

B.   **Individual Making the Complaint/Request for Due Process Hearing:**

Name:   Carolyn and David Jeppsen

Complete Address:    5818 Chevy Chase Pkwy, NW
                     Washington, DC 20015

Phone: (h)  202- 537-6076   (w)           (Fax)           (e-mail)

**Relationship to Student:**

■ Parent             ☐ Legal Guardian            ☐ Parent Surrogate
☐ Self/Student       ☐ Local Education Agency (LEA)   ☐ Parent Advocate

C.   **Legal Representative / Attorney:**

Name:   Ellen Douglass Dalton, Esq., Dalton, Dalton & Houston, P.C.

Address:   1008 Pendleton Street

           Alexandria, VA 22314-1837

Phone: (h)        (w) (703) 739-4300   (Fax) (703) 739-2323   (e-mail)

Will attorney / legal representative attend the resolution session?    ■ Yes    ☐ No

D.   **Complaint Made Against (check all that apply):**

■ DCPS school (name of school if different from page one)

Non-attending
HOME SCHOOL: Lafayette Elem.

☐ Charter school (name of school if different from page one)

☐ Non-public school or residential treatment facility (name)

☐ Parent

E.   **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to receive this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: all Parties must agree to waive the resolution meeting to avoid having this meeting).

■ I wish to waive the Resolution Session Meeting   AS THE ISSUES IN THIS CASE ARE THE SAME AS THE ISSUES LITIGATED 8 MONTHS AGO AND DCPS PROPOSED NOTHING DIFFERENT, IT DOES NOT APPEAR THAT A RESOLUTION MEETING WOULD BE BENEFICIAL.

F.   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐    I am requesting mediation as an alternative to the resolution session meeting.

☐    I am requesting mediation and a due process hearing.

☐    I am requesting mediation <u>only</u> at this time.

G.    <u>Facts and Reasons for the Complaint:</u>

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**<u>STAY PUT PROTECTIONS ARE INVOKED</u> PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION IMPROVEMENT ACT OF 2004, 20 U.S.C. § 1415(j); <u>see also</u> 34 C.F.R. § 300.514(a).**

1.    What is the nature of the problem, including the facts related to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

### DUE PROCESS HEARING REQUEST

On behalf of the above referenced student, I hereby request a Due Process Hearing to address the failure of the District of Columbia Public Schools (DCPS) to provide a Free Appropriate Public Education, placement, testing, and Due Process of Law as required by the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, 34 C.F.R. §§ 300, *et seq*, and D.C.M.R. §§ 3000, *et seq*.

We request an expedited hearing and we waive the twenty (20) day period set out in D.C.M.R. § 3021.5, and assert our right to receive a hearing officer's determination within ten (10) calendar days after the completion of hearing as set out in D.C.M.R. § 3021.10.

### FACTS

Mia Jeppsen is a 7 year old girl diagnosed with a speech and language impairment, a hearing impairment, and attention deficit hyperactivity disorder ("ADHD"). She has a cochlear implant to address her hearing impairment.. Mia attends the River School and is in a general education classroom 98% of the day. She receives 1 hour of pull out Speech & Language services and 1 hour of pull out Audiology services. Last school year, DCPS drafted a 100% Out of General Education IEP and proposed to move Mia from the general education setting at the River School where she has been attending since 2000 and place her in 100% Out of General Education, a more restrictive, significantly more restrictive, environment at the Hearing Impaired program at Key Elementary School. A Due Process Hearing was held on March 9, 2005. A Hearing Officer's Decision ("HOD") was issued on March 29, 2005 by Coles B. Ruff, Jr. The Hearing Officer held that DCPS had failed to meet its burden in showing that Key Elementary School was appropriate for Mia and her unique needs. DCPS was ordered to place and fund Mia at the River School for the remainder of the 2004-2005 school year. DCPS was also ordered to, prior to the start of the 2005-2006 school year, convene an MDT meeting to review Mia's records, revise her IEP if necessary, and make a placement determination and issue a prior notice of placement ("NOP") for the 2005-2006 school year.

On September 12, 2005, DCPS convened a MDT IEP meeting at Mia's current placement, the River School. The only team members from DCPS, Ms. Pamela Owens and Mr. John Schmidt, participated in the meeting by phone. The remaining team members were the professionals who had worked with Mia at the River School and Mia's mother, Ms. Jeppsen. During the meeting, the team discussed Mia's classroom performance and progress. Ms. Rama Sundaramurthy, Mia's classroom teacher, stated that Mia is able to keep up academically with her typically developing peers in the general education classroom. Mia's progress was attributed to the support of a full-time speech pathologist who works with Mia in the classroom. The team also reviewed her recent evaluations which had been completed by the River School.

The team then revised Mia's IEP with new goals and objectives. However, the setting in which Mia would receive her services remained the same, a general education setting. The team also discussed the accommodations that Mia would need in order to continue to access the general education curriculum. The accommodations included a small class size, the support of a full-time speech pathologist, full-time access to general education students, pre-teaching of new concepts related to the curriculum, and periodic movement breaks. The team then discussed that Mia needs combined specialized instruction and speech and language therapy for 25.5 hours per week provided by a special education teacher and a speech pathologist in the regular education classroom. Mia also requires 1 hour pull out per week of individual speech and language therapy provided by a speech pathologist and 1 hour pull out per week of audiology services provided by an audiologist in a special education setting. The team also agreed that Mia requires the following aids: amplification at all times (cochlear implant), FM system as needed, trouble shooting kit in the classroom to target any problems as needed, and mapping services - on site equipment available at all times.

The team then discussed placement. The program at the River School was described and it was determined that it could meet Mia's needs and implement her IEP in the least restrictive environment. Ms. Owens of DCPS asked that the IEP developed be faxed to her and informed the team that a "placement decision would be made by DCPS and they would contact the family with a decision in 5-7 days." Parent's counsel urged Ms. Owens that placement discussion should take place with the team assembled and the Parent present. Ms. Owens finally stated that a NOP for Key Elementary School would be issued. Parent's counsel reminded DCPS of the previously issued HOD and asked what had circumstances had changed to now make Key an appropriate placement for Mia. When pressed Mr. Schmidt stated, "Nothing has changed, but we can provide an appropriate program at Key." See MDT Notes 9/12/05 at ¶ 11. Again Parent's counsel asked why DCPS would recommend the exact same placement when the Hearing Officer ruled against it previously and nothing has changed. Ms. Owens simply replied that they thought Key was "OK" for Mia. DCPS stated that Key could provide Mia with speech and language therapy, occupational therapy, and an FM system. The team pointed out that Key does not have a full-time speech pathologist to assist Mia and she is making adequate progress in a general education setting. Therefore, it is not appropriate to place her in a more restrictive setting. The meeting concluded with DCPS stating that they would issue an NOP for Key. Parent's counsel advised DCPS that the Parent was not in agreement with the placement recommendation for Key.

DCPS has failed to provide an appropriate basis for issuing an NOP to the Key School, a more restrictive environment, especially in light of the previous conclusions reached by the Hearing Officer in the HOD issued in this case.

2.    **To the extent known to you at this time, how can this problem be resolved?**

The Parents Request the following relief:

1.  A determination that DCPS denied Mia a FAPE by issuing a notice of placement to Key Elementary School, a more restrictive educational setting without a proper basis.

2.  A determination that DCPS denied Mia a FAPE by issuing a notice of placement to Key Elementary School, a placement that cannot implement Mia's IEP dated 9/12/05.

3.  A determination that DCPS be required to continue to fund Mia's placement at the River School.

4.  A determination that DCPS denied Mia a FAPE by failing to act in good faith based on the findings reached in the prior HOD, when they issued a Notice of Placement on November 2, 2005 for Mia to attend the Key School.

5.  A determination that based on DCPS's previous actions, they are barred in the future from issuing a Notice of Placement to the Key School without a prior ruling from a Hearing Officer on the appropriateness of the placement for Mia.

6.  A determination that DCPS be required to pay reasonable attorneys' fees pursuant to federal law; and

7.  Any other relief that the Hearing Officer deems appropriate.

**3.  Issues Presented:**

1.  Whether DCPS denied Mia a FAPE by issuing a Notice of Placement to Key Elementary School, when a Hearing Officer 8 months previously held that DCPS had failed to meet it burden of proving that Key was appropriate for Mia and nothing about Mia's needs have changed nor what the Key School has to offer has changed since the HOD was issued.

2.  Whether DCPS denied Mia a FAPE by issuing a Notice of Placement for a more restrictive placement without a proper basis.

3.  Whether the placement proposed by DCPS, Key Elementary can implement Mia's IEP dated 9/12/05.

H.  <u>**Estimated amount of time needed for the hearing:**</u>    **6 hours**

**Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed**

5

I.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting / Mediation Conference / Due Process Hearing:

☐   Interpreter (please specify the type)

☐   Special Communication (please describe the type)

☐   Special Accommodation for Disability (please be specific)

☐   Other


J.  **Waiver of Procedural Safeguards:**

■   I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

K.  **Parent Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.


**Signature of Parent or Guardian**                                    **Date**


L.  **Signature of Attorney / Legal Representative:**

*Ellen Douglass Dalton, Esq.*        11/14/05
_____
**Legal Representative Advocate (if applicable)**            **Date**


M.  **Signature of LEA Representative (if hearing requested by LEA):**

_____
_____    **Date**
**Representative of LEA**


Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556