IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA | : |
| Plaintiff, | : Civil Action No. 05-1309 <br> : (RJL) |
| v. | : |
| JEPPSEN | : |
| Defendant | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Comes now plaintiff, by and through counsel, and opposes defendant's Motion to Dismiss on the grounds that the issues presented in this case are not moot.

BACKGROUND

On March 28, 2005, a Hearing Officer ("HO") issued a Determination pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400 *et. seq.*, in which he ordered the District of Columbia Public Schools ("DCPS"), *inter alia,* to continue to place and fund the student at the River School ("River")for the school year 2004-2005. The student is a seven year old child who has been determined to be a child with a disability with a profound hearing loss. The student wore hearing aides until 2001 when she received a cochlear implant. With the implant the student can hear a broad range of sounds but does not necessarily understand language and what is being said.

The student was first enrolled in the River School program in September 2000. At the time DCPS did not have a public program for the hearing impaired. By September

2004, DCPS had such a program in place housed at Key Elementary School. In September 2004, DCPS initiated a change of placement for the student to Key, but the parents rejected the placement and filed a due process hearing request.

On November 17, 2004, DCPS convened an MDT/IEP meeting on behalf of the student to review and revise the student's Individualized Education Plan ("IEP"), and to discuss and determine placement. At the meeting there was disagreement between the DCPS team members and the River staff as to whether the student's specialized instruction should be delivered in a general education inclusion setting, as done at River, or whether the services should be delivered in a full time special education setting designed to prepare the student for mainstreaming, as at Key. The DCPS MDT team members considered whether a general education placement would be appropriate but rejected it because "[The student] is not working on grade level and needs [specialized instruction] resource." (R. at 35)

Even though the parent agreed with the goals and objectives of the IEP, she disagreed that her child should be placed in a DC public school as opposed to remaining in a private school at the District's expense. Thus, when DCPS issued a Prior Notice of Placement for the student to be outside the general education setting and for her placement location to be changed from River to Key, the parents again filed a Request for Due Process Hearing.

A hearing was conducted and on March 28, 2005, and the HO issued a decision in which he concluded that "DCPS sustained its burden of proof that the IEP was developed to meet the unique needs of the student." (R. at 10) However, the HO further concluded that "DCPS did not sustain its burden of proof in demonstrating that the proposed change

2

of placement was appropriate." On June 30, 2005, plaintiff filed the Complaint herein appealing this last finding.

In its Complaint, plaintiff sought, *inter alia,* to have this Court find that DCPS had met its obligation to provide the student with a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400, *et seq.,* to find that Key Elementary School is an appropriate placement for the Student, and to award any other relief that the Court found just. (Complaint at 7)

On November 14, 2005 plaintiff filed its Motion for Summary Judgment; defendant filed its Opposition on December 14, 2005; and, plaintiff filed a Reply on January 27, 2006. Before the Court had sufficient time to review the pleadings, a second due process hearing was held on January 23, 2006. At this hearing DCPS requested a continuance because "a necessary party to this hearing had to go out of town this weekend to assist an ailing family member" and thus she would be unavailable. (Tr. 1/23/06 at 5) Despite arguing that the lack of the witness would cause DCPS to be prejudiced, and that this was DCPS' first request for a continuance, the request was denied and DCPS subsequently entered into a settlement agreement with the parent. (Id. at 5)

On April 7, 2006, defendant filed the instant Motion to Dismiss, alleging that this case is now moot because the Court cannot grant any relief sought in the Complaint. Defendant seeks as relief, *inter alia,* a determination that it is the prevailing party in this case and that the Court award it "reasonable attorneys' fees not subject to the District of Columbia fee cap." (Mot. at 11)

3

Defendants' contention in their motion that at the end of the hearing the HO urged DCPS to withdraw its appeal in the instant case is incorrect.  At the January 23, 2006, Hearing the attorney for DCPS stated that "there is an appeal filed on a prior Complaint for the '04 / '05 school year.  And even if DCPS is the prevailing party in that appeal, that will not affect the placement for the '05 / '06 school year."  (Def.s Ex. A / Tr. at 68).  In response to DCPS' counsel's statement, the HO stated "[w]ell, how about if I just say it will be unaffected by - - results of pending federal litigation."  (Id. at 68)   The HO subsequently requested DCPS to "remove this case from the docket of the federal court", referring to the matter before him at the time, possibly presuming that a lawsuit had been filed in federal court.

## ARGUMENT

I.   **Rule 12(b)(6) Standard**

The legal standard for a motion to dismiss under Rule 12(b)(6) has been set forth in *Himmelman v. MCI Communications*, 104 F. Supp. 2d 1, 3 (D.D.C. 2000).

> A motion to dismiss for failure to state a claim upon which relief may be granted tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim.  See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).; Fed. R. Civ. P. 12(b)(6).  The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  See *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Atchison v. D.C.*, 315 U.S. App. D.C. 318, 73 F.3d 418, 421 (D.C. Cir. 1996).  In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.  See *Maljack Prods. v. Motion Picture Ass'n*, 311 U.S. App. D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995).

**II.     The issues and Facts underlying this case are not moot.**

    **A.  Standard**

The issue of mootness arises "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *United States Parole Commission v. Geraghty,* 445 U.S. 388, 395 (1980). The doctrine of "capable of repetition yet evading review" is an exception to mootness for cases where the party can demonstrate that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Weston,* 194 F. 3d 145, 148 (D.C. Cir. 1999). In the instant case, plaintiff not only has a cognizable interest in the outcome, but also can demonstrate that it will be subjected to the same action again.

    **B.  The District has a cognizable interest in the outcome of this case.**

        **(1) This Court has made no determination as to prevailing party status.**

The IDEA grants authority to courts to award reasonable attorney's fees as part of the costs to parents or guardians of a child with a disability, who are prevailing parties in statutory attorney's fees provisions. 20 U.S.C. Sec. 1415(I)(3)(B). Defendants are not entitled to attorneys' fees unless they are prevailing parties under IDEA. *Shaw v. District of Columbia,* 238 F. Supp. 2d 127 (D.D.C. 2002). Here, defendants, in their Motion, seek a determination that they are the prevailing party. (Mot. at 11) Thus the District has a serious stake in the outcome of the matter.

> **(2)** **Should this Court rule in plaintiff's favor, plaintiff would be entitled to reimbursement for funds expended on a unilateral placement.**

Section 34 C.F.R. Sec. 300.403 provides:

> This part does not require an LEA (Local Educational Agency) to pay for the cost of education, including special education and related services, of a child with a disability at a private school or facility if that agency made FAPE available to the child and the parents elected to place the child in a private school….

A free appropriate public education is one "specifically designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 188-89 (1982). The school district, however, is not required to provide the best possible education. *See Heather S. v. Wisconsin,* 125 F.3d 1045, 1057 (7th Cir. 1997).

In the underlying case here, the HO concluded that DCPS had developed an IEP that was designed to meet the unique needs of the student. Accordingly, the HO should have concluded that DCPS had complied with the obligations imposed by Congress. Instead, the HO concluded that DCPS had not sustained its burden to establish that Key was an appropriate placement for the student because "[t]he <u>parent's counsel presented more experts</u> to support a finding that the student's current placement and the methodology used is the most appropriate for the student's needs." (R. at 13) (Emphasis added). As explained in full in plaintiff's pending Motion for Summary Judgment, the burden of proof is not necessarily met by the number of witnesses one side presents but rather whether the evidence, taken as a whole, supports the proponent's position.

6

Should this Court conclude that the HO erred, then the District would be entitled to reimbursement for the monies expended while the child was attending a private school.

### C. **The doctrine of "capable of repetition yet evading review" is applicable to this case.**

Because of the short duration of time between the Hearing Officer's final decision, issued on March 28, 2005, and the end of the school year, there was insufficient time for the case to be fully litigated in this Court. There is no question that each school year when DCPS issues a Notice of Placement for the student to be placed at Key, which DCPS believes is the most appropriate placement for the student,[1] the parents will object to the placement and file a due process hearing request, and the issue of the appropriateness of the school will need to be litigated over and over again. At the January 23, 2006, hearing, the parents' counsel sought to have the Hearing Officer "prohibit DCPS from recommending the proposed—or the placement at Key School without having some prior determination that something has changed." (Id. at 60) As the parents' attorney made clear, defendants seek to have a ruling "that DCPS not be allowed to propose the Key School in the future with regard to [the student] without some prior determination from a Hearing Officer that it is an appropriate program." (Id. at 62) The Hearing Officer declined to rule on the motion. (Id. at 65-67).

Unless this Court finds that the Hearing Officer erred when he concluded that the Key School was not an appropriate placement, the parents will consistently contest their child being placed there. In light of the significant budgetary impact of paying private school tuition, the District's ability to meet the

---

[1] See Plaintiff's Motion for Summary Judgment.

7

needs of other children could be compromised should this Court not find in favor of the District.

### D. **Defendants are not entitled to attorneys' fees in excess of the District of Columbia fee cap.**

In their Motion defendants seek an award of attorneys' fees that would not be subject to the restrictions contained in Section 327 of the District of Columbia Appropriations Act of 2005, 108 Pub. L. 335. (Mot. at 11) However, in an IDEA action involving the D.C. public schools, "an attorney who represents a party in an action or an attorney who defends an action, including an administrative proceeding," may not receive fees "in excess of $4,000 for that action." District of Columbia Appropriations Act of 2006, 109 Pub. L. 115; 119 Stat. 2396 (2005). Enacted on November 30, 2005 (for the fiscal year ending September 30, 2006)

Further, Section 1341 of the Anti-Deficiency Act, codified at 31 U.S.C. 1341, 1342, 1349-1351 and 1511-1519, prohibits "[a]n officer ….of the District of Columbia government" from making expenditures or incurring obligations in excess of available appropriations or in advance of appropriations. Accordingly, this Court does not have the authority to grant plaintiffs the relief they request, which essentially is asking the Court to override the Anti-Deficiency Act. The effect of such an authorization would be to require Congress to appropriate additional funds to cover any deficiency. However, it is beyond dispute that a federal court cannot order the obligation of funds for which there is no appropriation. See, *e.g., Office of Personnel Management v. Richmond,* 496 U.S. 414 (1990).

8

**CONCLUSION**

For all the reasons stated above the instant case is not moot. This Court has made no ruling as to prevailing party status; the District is entitled to reimbursement should the Court determine that the Hearing Officer erred in March 28, 2005, Determination; and lastly, this case is capable of repetition. The defendants are intent on not having their child attend the Key school and will continue to dispute every Notice of Placement to that school. Because the school year is short there is insufficient time to fully litigate the merits of this case or any subsequent which might arise.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor North
        Washington, DC 20001
        (202) 442-9842
        FAX  -  (202) 727-3625

April 20, 2006