## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,  )
                   )
    **Plaintiff,**     )
                   )
    **v.**           )   Civ. Action No. 05-1309 (RJL)
                   )
CAROLYN JEPPSEN,  )
M.J. By her parent and next friend,  )
                   )
    **Defendant.**   )

**FILED**

JUL 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION
(July 7, 2006) [#6, #16]

Plaintiff, the District of Columbia, brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq* (2000), seeking a reversal of an Administrative Hearing Officer's Determination. Currently before this Court are plaintiff's Motion for Summary Judgment and defendant's Motion to Dismiss. Upon consideration of the pleadings and the entire record herein, the Court GRANTS defendant's Motion to Dismiss and DENIES AS MOOT plaintiff's Motion for Summary Judgment.

### BACKGROUND

Defendant Carolyn Jeppsen's daughter, "M.J.", is a seven year old child with a profound hearing loss disability. (Compl. ¶ 4.) Before M.J. received a cochlear implant in April 2001, she used hearing aids. (Pl.'s Opp'n to Def.'s Mot. Dismiss ("Pl.'s Opp'n") 1.) The cochlear implant allows her to hear a range of sounds but not to necessarily understand

1

what is being said. (*Id.*) Because the District of Columbia Public Schools ("DCPS") did not have a program in place for the hearing impaired, M.J. has attended the private River School since September 2000. (*Id.*) DCPS funds her tuition under the IDEA. (*See* Compl. ¶ 1.) In September 2004, DCPS sought to move M.J. from the River School to Key Elementary School ("Key School"), as it had recently established there a public program for the hearing impaired. (*Id.* ¶ 7.) This move was challenged by defendant under the IDEA shortly thereafter. (*See id.* ¶ 8.)

On November 9, 2004, DCPS signed a settlement with defendant's counsel under which it agreed to fund M.J.'s placement at the River School until a meeting could be convened of a multi-disciplinary team/individualized education program ("MDT/IEP"). (*Id.* ¶ 9.) That meeting was held on November 17, 2004. (*Id.* ¶ 10.) The participants at the meeting, however, disagreed on certain determinations regarding M.J.'s individualized education program ("IEP"). (*See* Pl.'s Opp'n 2.) DCPS team members, which included staff members from Key School, found that, consistent with her previous IEP, M.J.'s primary disability was a hearing impairment ("HI"). The River School staff, however, concluded that M.J.'s primary disability was a speech and language impairment ("SLI"). (Compl. ¶ 14.) Accordingly, there was a disagreement regarding whether M.J.'s appropriate placement would be in a full time special education setting, as proposed and offered by DCPS, or in a general education inclusion setting, as proposed and offered by the River School staff. (Pl.'s Opp'n 2.) After a full discussion at the MDT/IEP meeting, DCPS, despite defendant's

opposition, issued a notice of placement ("NOP") for M.J. at the Key School. (Compl. ¶ 19.) This was consistent with DCPS's IEP for M.J. which contained 25.5 hours of specialized instruction, 1 hour of speech/language therapy, and 1 hour of audiology. (*See id.* ¶ 17.)

On November 29, 2004, defendant filed a due process hearing request and invoked the protections of the stay-put provision of the IDEA pursuant to 20 U.S.C. § 1415(j).[1] (Def.'s Reply to Pl.'s Opp'n 5.) Defendant alleged that DCPS had denied M.J. free, appropriate public education ("FAPE"). (Compl. ¶ 25.) A hearing was held on March 9, 2005 (*Id.* ¶ 26), and on March 28, 2005, the hearing officer found that DCPS did not sustain its burden to demonstrate why the proposed change was appropriate. (*See Pl. Opp'n 2-3.*) The officer, therefore, ordered DCPS to continue funding M.J.'s education at the River School. (*See id.*)

On June 30, 2005, DCPS filed this Complaint under the IDEA, appealing the hearing officer's decision concerning the 2004-2005 school year. (Compl. ¶ 1.) The Complaint seeks, *inter alia*, declaratory relief holding that DCPS did in fact meet its obligations to provide FAPE under the IDEA and that the Key School public program is an appropriate placement. (*Id.* at 7.) It also seeks a holding that DCPS has the discretion to decide placements for students to implement their IEPs, as well as reasonable costs and expenses, including attorneys' fees, and "any other relief that this Court deems just." (*Id.*)

---

[1]    The IDEA's stay-put provision provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j) (2000). These proceedings include both administrative hearings, *id.* at § 1415(f), and civil actions, *id.* at § 1415(i)(2).

On November 14, 2005, plaintiff filed a Motion for Summary Judgment. However, before a decision could be fully considered, a second due process hearing was held on January 23, 2006, regarding M.J.'s placement for the 2005-2006 school year. (Pl.'s Opp'n 3.) At this hearing, DCPS requested a continuance claiming that a special education teacher at Key School had to leave town suddenly in order "to assist an ailing family member." (*Id.*) Despite DCPS's contention that this witness was a "necessary party," the hearing officer denied the continuance. (*Id.*) After the testimony of one witness, DCPS entered into a settlement with defendant, agreeing to place M.J. at the River School for the 2005-2006 school year. (*Id.*)

In response to the settlement, defendant has filed the pending Motion to Dismiss claiming that the settlement renders this case moot as there is no relief available to plaintiff. (Def.'s Mot. Dismiss 1.) Defendant argues, *inter alia*, that reimbursement for the 2004-2005 school year is not available to plaintiff and that plaintiff consistently misrepresents the hearing officer's rationale in order to undermine his holding of March 28, 2005. (*See generally* Def.'s Mot. Dismiss.) Defendant, thus, maintains that the hearing officer conducted the hearing properly and was correct in his determination. (*See* Def's Reply to Pl.'s Opp'n 6.) Plaintiff, in turn, argues that reimbursement is, in fact, available and that the hearing officer was not correct in his determination. (*See generally* Pl's Opp'n.) Further,

4

plaintiff maintains that this action is subject to the capable-of-repetition exception to mootness and thus cannot be dismissed.[2] (Pl's Opp'n 7-8.)

## STANDARD OF REVIEW

Defendant has brought this Motion to Dismiss under the mootness doctrine. As such it is reviewed under Federal Rules of Civil Procedure 12(b)(1). *Alston v. District of Columbia*, No 04-1833 (D.D.C. filed Mar. 22, 2006). In order to ensure that the Court has "jurisdiction over the subject matter," Fed. R. Civ. P 12(b)(1), the Court is limited to "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988). Thus, if an event occurs that renders it impossible for the Court "to grant 'any effectual relief whatever' to a prevailing party" the case must be dismissed. *Beethoven.Com v. Librarian of Congress*, 394 F.3d. 939, 950. (D.C. Cir. 2005).

As in a motion to dismiss for failure to state a claim, here, the Court must accept the non-moving party's allegations as true, construing them in the light most favorable to that party. *See Kalil v. Johanns*, 407 F. Supp. 2d. 94, 96-97 (D.D.C. 2005); *Caesar v. United States*, 258 F. Supp. 2d 1, 2 (D.D.C. 2003). The Court, however, is not confined to the pleadings and may consider outside matters in considering the motion. *Kalil,* 407 F. Supp. 2d. at 97 (noting that "the Court can consider matters outside of the pleadings when resolving challenges to subject matter jurisdiction").

---

[2]     Defendant's Motion to Dismiss also seeks attorneys' fees as a prevailing party under the IDEA. (Def.'s Mot Dismiss 11).

## ANALYSIS

### I.    Settlement Renders the Complaint Moot

The purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education" and "to ensure that the rights of children with disabilities and parents of such children are protected. 20 U.S.C. at § 1400 (d)(1). The IDEA also requires that "[e]ach local educational agency or State educational agency shall ensure that the parents of each child with a disability are members of any group that makes decisions on the educational placement of their child." *Id.* at § 1414(e).

The IDEA, however, does not create a private cause of action. *Sellars v. Sch. Bd. of Manassas*, 141 F.3d. 524, 526 (4th Cir. 1998) (citing *Hall v. Vance County Bd. of Educ.*, 774 F.2d 629, 633 n.3 (4th Cir. 1985). Instead, "IDEA relief depends on equitable considerations." *Reid v. District of Columbia*, 401 F.3d. 516, 523 (D.C. Cir. 2005) (citing *County Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16 (1993). The Supreme Court has found the tuition reimbursement to families is appropriate as it is consistent with the purpose of the IDEA. *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 370 (1985). Further, such reimbursement does not constitute damages as it simply requires the educational agency "to belatedly pay expenses that it should have paid all along." *Id.* at 370-371. The Supreme Court's rationale in *Burlington* is based primarily on the extensive protections afforded parents under the IDEA, including "procedural safeguards," and on the importance of protecting children against inappropriate placements. *Id.* at 368-371. It,

6

therefore, does not contemplate that parents seeking to exercise the law's protections would be required to reimburse tuition paid by the educational agency to a school already deemed appropriate for a child. *See id.* Indeed, this is consistent with the federal regulations that define the limits on parents wishing to seek reimbursement, but do not even address, let alone promulgate procedures for an educational agency to seek reimbursement from a parent. *See* 34 C.F.R. § 300.403 (2004).

Thus, in this case, the plaintiff's cause of action is moot as DCPS cannot be effectually reimbursed for the tuition it paid the River School on behalf of M.J. for the 2004-2005 school year. Moreover, even if it could, its agreement to keep M.J. at the River School for the 2005-2006 school year would be wholly inconsistent with any reimbursement whatsoever. Indeed, it would be inconsistent with the parent's role in determining a student's placement and the IDEA's procedural safeguard throughout that process, *see* 20 U.S.C. § 1415, for the Court to Grant the relief sought by DCPS.[3] Simply stated, requiring parents to reimburse school districts for tuition and other expenses paid to private schools under the stay-put provision is wholly inconsistent with the intent and spirit of the provision itself. *See Aaron M. v. Yomtoob*, No. 00-7732, 2003 U.S.Dist. LEXIS 21252 at *20 (N.D. Ill. Nov. 25, 2003) (finding that the effect of requiring parents to reimburse school districts would be to discourage parent's with limited financial resources from taking advantage of the stay-put

---

[3]    Not only did the defendant properly exercise her right under the IDEA to challenge DCPS's placement change, *see* 20 U.S.C. § 1415, but M.J. had been placed at the River School by DCPS (Def.'s Mot. Dismiss 1), and that placement was confirmed by the hearing officer (Pl.'s Opp'n 2-3). Thus, M.J. attended the River School throughout these proceedings consistent with the stay-put provision of the IDEA, and DCPS was obligated to and did continue to fund her placement. 20 U.S.C. § 1415(j).

7

provision and that such an effect "would undermine the IDEA's fundamental policy goals").[4]
Accordingly, as there is no "effectual relief" available to plaintiff, this case must be dismissed as moot.[5]

## II.  **Attorneys' Fees**

Under the IDEA, only the "prevailing party" can be awarded attorneys' fees. 20 U.S.C. § 1415(i)(3)(B).  The Supreme Court has held that a party can only be determined to prevail if it does so on the merits or with "the necessary judicial *imprimatur*," such as through a consent decree. *Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001) (rejecting petitioners' position that, despite the

---

[4]    It should be noted that DCPS paid the River School directly, thus the money was never in the possession of the defendant (Def.'s Mot. Dismiss 7), and, therefore, defendant cannot reimburse plaintiff. The defendant also argues that because plaintiff did not seek reimbursement in the Complaint, it is precluded from doing so now. (Def.'s Mot. Dismiss at 7 (citing Fed. R. Civ. P. 8(a)(3)).)  However due to plaintiff's request for "any other relief that this Court deems just," (Compl. at 7), this argument may run contrary to the liberal rules of pleading, and, nonetheless, is unnecessary given the stay-put provision's protection.

[5]    Plaintiff argues that this case is not moot as it falls into the "capable of repetition yet evading review" exception to mootness. The exception does not apply though, if "any further dispute over this issue will not evade review." *United States v. Weston*, 194 F.3d 145, 148 (D.C. Cir. 1999).  The exception, in fact, only applies in "exceptional situations," where both "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (alterations in original) (citations omitted) (holding that the case did not satisfy the conditions as the petitioner did not show the time period of the challenged action "is always too short as to evade review.").  Though it is likely both that DCPS will attempt to move M.J.'s placement in the future and that the change will be challenged by defendant, such likelihood does not create an exception to the mootness doctrine. *See Spencer*, 523 U.S. at 17.  As in *Spencer*, it is not clear that the duration of the challenged action will always be too short to be litigated. *See id.*  Here, plaintiff's action could not be fully litigated due to a settlement voluntarily entered into by DCPS, not due to the end of the school year.  Moreover, due to her young age, it is likely that M.J.'s IEP will change in the future, thus, it is impossible to predict whether a hearing officer will continue to support the River School placement. Therefore, at this point in time, this action does not fall into the "capable of repetition yet evading review" exception to mootness. *See id.*

8

dismissal of their claim on mootness grounds, the voluntary change in respondents' conduct should be sufficient to render the petitioner a "prevailing party").

As this action is moot, the Court lacks jurisdiction to either make a determination on the merits of this action or to order a consent decree that could render defendant a "prevailing party." *See Buckhannon*, 532 U.S. at 605. Accordingly, defendant cannot be awarded attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss and DENIES AS MOOT plaintiff's Motion for Summary Judgment. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

9