IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-1309 (RJL) |
| JEPPSEN | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT'S MOTION TO AMEND THE JUDGMENT AND
PETITION FOR ATTORNEYS' FEES**

COMES NOW, the Defendant by and through counsel, and moves this honorable Court to amend the judgment filed on July 13, 2006 and award the Defendant reasonable attorneys' fees in the amount of $19,996.50. Attached please find the Defendant's Memorandum of Points and Authorities in support of this Motion.

Wherefore, the Defendant urges the Court to grant her Motion and to provide counsel with an opportunity, if necessary, for oral argument on this Motion.

July 27, 2006                                         Respectfully submitted,

                                                     _____/s/_____
                                                     ELLEN DOUGLASS DALTON, Esq.
                                                     Counsel for the Defendant
                                                     Bar # 411612
                                                     Dalton, Dalton, & Houston P.C.
                                                     1008 Pendleton Street
                                                     Alexandria, Virginia 22314
                                                     (703) 739-4300
                                                     (703) 739-2323 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-1309 (RJL) |
| JEPPSEN, | : | |
| Defendant. | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT'S MOTION TO AMEND THE JUDGMENT AND PETITION FOR ATTORNEYS' FEES

The Defendant was the prevailing party at the administrative hearing, which is the underlying subject matter of this federal case. The Plaintiff filed a Complaint in this Court to appeal the Hearing Officer's Decision at the administrative level. The Defendant, therefore, had no other choice but to defend against this appeal and preserve her prevailing party status. The Plaintiff, via this appeal, sought to change the prevailing party status. However, the Plaintiff's own actions rendered the appeal moot. Since the Plaintiff was unsuccessful in changing the results of the administrative decision below, the Defendant remains the prevailing party, and as such is seeking an award of reasonable attorneys' fees.

Accordingly, by way of this Motion, the Defendant hereby petitions this Court for an award of attorneys' fees incurred in this proceeding pursuant to Fed. R. Civ. P. 54(d), Local Rule 54.2, and 20 U.S.C. § 1415(i)(3)(B). The Defendant requests that this honorable Court award attorneys' fees in the amount of $19,996.50. *See* Attachment A, a summary of the attorneys'

fees. The attached declarations of undersigned counsel support the detailed accounting of these sums. *See* Attachments C, D, E. Should the Defendant prevail on the instant Motion, the Defendant respectfully reserves the right to submit a supplemental motion for fees and costs incurred in any subsequent fee litigation.

     In support of this Motion, the Defendant states as follows:

**I.**    **<u>The Defendant is the Prevailing Party Because the Instant Case is Distinguishable from *Buckhannon*.</u>**

     In the Memorandum Opinion filed by this Court on July 13, 2006 ("Opinion"), the Court cites to *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (U.S. 2001), in rejecting the Defendant's request to file a petition for attorneys' fees. (*See* Opinion p. 8-9.) In *Buckhannon*, the United States Supreme Court squarely addressed the issue of plaintiffs seeking attorneys' fees under the catalyst theory, "which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601 (U.S. 2001). The Supreme Court rejected this theory as a permissible basis for awarding attorneys' fees. The instant case, however, is entirely different from the case of *Buckhannon.*

     In the instant case, the Plaintiff mooted its own claim. It was not the actions of M.J.'s parents that mooted DCPS's federal claim. Rather, it was DCPS's own actions that mooted its claim. *Buckhannon* would apply if this were a case where the defendant voluntarily acted in a way to give the plaintiff the relief it was seeking, thus rendering the plaintiff's claim moot, and then the plaintiff sought attorneys' fees as the prevailing party.

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

*Buckhannon*, 532 U.S. 598, 605 (U.S. 2001).

The facts of the instant case are entirely different making the theory of *Buckhannon* inapplicable to this case. In the instant case, the Plaintiff lost at the administrative level and brought this action in federal court seeking a reversal of the administrative decision issued by the Hearing Officer on March 29, 2005. (*See* Complaint.) Simultaneously, the Plaintiff settled a subsequent action involving the same issue (that of placement, but for a different school year) at the administrative level which rendered its own federal claim moot.

The Plaintiff (DCPS) did not take voluntary actions to attempt to resolve the instant case but rather acted in a way that ultimately rendered their own claim moot. Even after the Plaintiff acted in such a way that rendered their own case moot, they continued to litigate this claim. Due to the Plaintiff's actions mooting its claim, this Court took action and dismissed the case. The alteration in the legal relationship of the parties is that the Plaintiff's relief was denied and the Defendant remained the prevailing party at the administrative level. The necessary judicial imprimatur is present in this case, as the decision regarding the issues surrounding the 2004-2005 school year is now final.[1]

---

[1] The Decision rendered by this Court is final, unless one of the parties appeals to the Circuit Court.

Not only is the Defendant the prevailing party on the merits at the administrative hearing below, but the Defendant is also the prevailing party in its Motion to Dismiss.

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed. 1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded (in certain cases, the court will award attorney's fees to the prevailing party). -- Also termed successful party." This view that a "prevailing party" is one who has been awarded some relief by the court can be distilled from our prior cases.

*Buckhannon,* 532 U.S. 598, 603 (U.S. 2001). The Court granted the Defendant's Motion to Dismiss, and thus the Defendant is prevailing on that motion, which was the final judgment in this case. The Defendant's Motion to Dismiss helped advance the success of the Defendant and prompted this Court to take action and dismiss the case. The relief sought by the Defendant all along, that the case be dismissed, was granted by this Court. The decision regarding the issues surrounding the 2004-2005 school year is now final. The change in status in this case was not voluntarily entered into by both parties. There was no settlement or consent decree resolving the case. Rather, the Court acted, which resulted in judicial imprimatur illustrated in the final order dismissing the action.

Not only did the Court dismiss the case, but in its Opinion, the Court recognized that the relief sought by the Plaintiff was not available. Aside from declaratory relief which the Plaintiff mooted by its own actions, the Plaintiff was seeking reimbursement of tuition from the parents of M.J. for her attendance at the River School. A cursory review of the IDEA reveals that Stay-Put is an important protection afforded to parents. Without citing any legal authority to support its request, the Plaintiff continued to seek reimbursement of tuition as relief, a form of relief

5

contrary to the protections afforded to the parent by federal law. The Defendant was therefore required to expend money in defending against the Plaintiff's frivolous claim and request for relief. This Court stated, "requiring parents to reimburse school districts for tuition and other expenses paid to private schools under the stay-put provision is wholly inconsistent with the intent and spirit of the provision itself." (Opinion at 7.) Accordingly, this Court held that "there is no 'effectual relief' available to the plaintiff" and dismissed the case. (*See* Opinion at 8.)

Equity dictates that the parent be reimbursed for the legal fees that they have had to expend in defending this unsuccessful appeal. As this Court points out in its Opinion, "IDEA relief depends on 'equitable considerations.'" *Reid ex rel. Reid v. D.C.*, 401 F.3d 516 (D.C. Cir. 2005)(citing to *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7 (U.S. 1993) and *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (U.S. 1985)). (*See* Opinion at 6.) It is patently unfair for the parents to bear the costs of defending an unsuccessful appeal on a case in which they were already determined to be the prevailing party. The Plaintiff (DCPS) filed its federal complaint June 30, 2005 and filed its Motion for Summary Judgment on November 14, 2005. The Defendant (M.J.'s Parents) filed their Opposition to Plaintiff's summary judgment motion on December 14, 2005. In the meantime, another administrative hearing was held on January 23, 2006[2] where DCPS entered into a settlement agreement with M.J.'s parents and agreed to fund her placement at the River School for the 2005/2006 school year. These actions of DCPS in turn rendered its own federal claim regarding the 2004/2005 school year moot. Yet the Plaintiff continued to litigate and three days later filed a Reply to the

---

[2] The Hearing Officer's Determination memorializing the settlement terms was issued on January 24, 2006.

Defendant's Opposition to the Summary Judgment Motion on January 27, 2006.  Not only would the Plaintiff not withdraw its federal appeal after mooting its own claim, but the Defendant was then forced to expend even more time, energy, and money in filing a successful Motion to Dismiss.  The Plaintiff protracted the litigation, increased the costs to Defendant, and continued to litigate after the litigation clearly became unreasonable.  *See, e.g.,* 20 U.S.C. §§ 1415(i)(3)(B)(i)(II), (III), and 1415(i)(3)(G).

## II.     The Hourly Rates Are Reasonable and Consistent with the Rates Prevailing in the Community.

The work of the Defendant's counsel should be valued at a rate which reflects the customary fee for similarly complex work and the experience, reputation and ability of the individual attorneys.  As nearly as possible, market rates should prevail.  *See*, *Hensley v. Eckerhart*, 461 U.S. 424, 447 (1983).  Under *Hensley*, the fee applicant bears the burden of "documenting the appropriate hours expended and hourly rates . . . and should exercise 'billing judgment' . . . ." 461 U.S. at 437.  In submitting this petition, the Defendant's counsel have exercised "billing judgment" and have properly documented their time expended as evidenced in the attached declarations and billing statements.

The Defendant seeks an award of attorneys' fees for Ellen Douglass Dalton's services in the instant case at the hourly rate of $295.00 and an award of fees for associate attorneys at the hourly rate of $195.00 and $150.00, and fees for a law clerk at the hourly rate of $75.00 per hour.  These are the rates currently charged to the firm's clients for work performed by Ellen Douglass Dalton, associate attorneys, and law clerks.  The hourly rates which the Defendant requests are

documented in the attached Declarations of Ellen Douglass Dalton, Esq., Laura E. Duos, Esq., and Jessica M. Smith, Esq.

In the District of Columbia, case law originally developed a fee matrix. *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371-72 (D.D.C. 1983), *rev'd on other grounds*, 746 F. 2d 4 (D.C. Cir. 1984), *cert denied*, 472 U.S. 1021 (1985) (herein *"Laffey* fee schedule"). The *Laffey* fee schedule has been described as "an accurate and updated schedule of fees in the District." *Trout v. Ball*, 705 F. Supp. 705, 709, n. 10 (D.D.C. 1989). In 1991 the U.S. Attorney's Office for the District of Columbia developed its own updated *Laffey* fee matrix and has since supplemented it. *See* Attachment B. Its version adds the Consumer Price Index of the Washington, D.C. metropolitan area to the rate for the prior year, and then rounding up if within $3 of the next multiple of $5. This matrix, as updated and supplemented, provides specific evidence of the prevailing market rate for attorneys in the District of Columbia. Moreover, it is clear that a prevailing party should be awarded attorneys' fees at the prevailing market rate. *See Covington v. District of Columbia, et al.,* 57 F. 3d 1101 (D.C. Cir. 1995).

As reflected in the declaration, Ellen Douglass Dalton has extensive legal experience. *See* Attachment C. The rates charged by these attorneys are reasonable and are actually below the prevailing hourly market rates in the Washington metropolitan area. Ellen Douglass Dalton has practiced law for over 20 years. The rate of $295.00 per hour which is being requested for counsel is well below the *Laffey* rate of $380.00 per hour for attorneys with 20+ years of experience. Moreover, Ellen Douglass Dalton has been paid at the rate of $295.00 per hour by D.C. Public Schools for cases in which the parents prevailed at IDEA due process hearings.

**III.   The Number of Hours Worked Are Reasonable and Were Necessary to Obtain the Results.**

The Defendant's counsel's time is modest and reasonable in light of the fact that the administrative action was initiated on behalf of a student with disabilities and her parents, who prevailed below, and who had to defend the Plaintiff's appeal of the administrative decision, which was unsuccessful and dismissed by this Court.  The amount of time spent on behalf of the Defendant in this case is set forth in Attachment A.

In summary, the experience and skill of the Defendant's counsel, the quality of representation which resulted in obtaining the relief sought in favor of this Defendant, and the comparable cost of similar legal work justifies the billing rates requested by Defendant.

**IV.   Attorneys' Fees.**

| | |
|---|---|
| Ellen Douglass Dalton, Esq. ($295.00 / hour) | $10,708.50 |
| Laura E. Duos, Esq.   ($195.00 / hour) | $663.00 |
| Jessica M. Smith, Esq. ($150.00 / hour) | $6,375.00 |
| Kathryn T. McAuliffe ($75.00 / hour) | $2,250.00 |
| Total amount requested | $19,996.50 |

## CONCLUSION

WHEREFORE, the Defendant is the prevailing party and the Defendant's counsel have significantly limited their request for fees to only that time which would be charged to regular paying clients after the exercise of reasonable billing judgment and only the base compensation amount without any multiplier.

For the foregoing reasons, the Defendant respectfully requests that this honorable Court amend its judgment filed on July 13, 2006 and award the Defendant reasonable attorneys' fees in the amount of $19,996.50.

July 27, 2006                                          Respectfully submitted,

                                                               /s/
                                       ELLEN DOUGLASS DALTON, Esq.
                                       Counsel for the Defendant
                                       Bar # 411612
                                       Dalton, Dalton, & Houston P.C.
                                       1008 Pendleton Street
                                       Alexandria, Virginia 22314
                                       (703) 739-4300
                                       (703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 27th day of July, 2006.

                                                      /s/
                                ELLEN DOUGLASS DALTON, Esq.
                                Counsel for the Defendant