**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE DISTRICT OF COLUMBIA : <br> A Municipal Corporation : <br> One Judiciary Square : <br> Washington, D.C. 20001 : <br> : <br> : Civil Action No. 05-1309 (RJL) <br> Plaintiff, : <br> : <br> v. : <br> : <br> M.J. : <br> By her parents : <br> And next friends, CAROLYN JEPPSEN : <br> AND DAVID JEPPSEN : <br> : <br> Defendant : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ALTER**
**JUDGMENT AND PETITION FOR ATTORNEYS' FEES**

Comes now plaintiff District of Columbia, by and through counsel, and opposes defendant's Motion to Alter Judgment and Petition for Attorneys' Fees, filed July 27, 2006, as follows:

Preliminary Statement

On June 30, 2005, plaintiff District of Columbia filed a Complaint under the Individual with Disabilities Education Act ("IDEA"), appealing a Hearing Officer's Decision ("HOD") concerning the minor defendant's educational placement for the 2004-2005 school year. The Complaint sought, *inter alia,* declaratory relief holding that DCPS did in fact meet its obligations to provide FAPE under the IDEA and that the Key School public program was an appropriate placement. (Complaint at 7) On April 7, 2006,

defendant filed a Motion to Dismiss on the grounds that after plaintiff filed its Motion for Summary Judgment, and before a decision had been rendered on said motion, a second administrative due process hearing was held regarding the student's placement for the 2005-2006 school year. At that hearing a settlement was reached between the defendant and DCPS in which DCPS agreed to place the student at the River School, the school favored by the defendant, for the 2005-2006 school year. That action, defendant argued, rendered the case moot.

On July 13, 2006, this honorable Court issued a Memorandum Opinion in which it granted defendant's Motion to Dismiss and denied as moot plaintiff's Motion for Summary Judgment. In said Opinion this Court noted that plaintiff had filed a Motion for Summary Judgment but that "before a decision could be fully considered" a settlement agreement between DCPS and the defendant, regarding the minor defendant's educational placement, rendered the case moot. (Memorandum Opinion at 4) Accordingly, this Court found, *inter alia,* that it "lack[ed] jurisdiction to either make a determination on the merits of this action or to order a consent decree that could render defendant a 'prevailing party'" and thus did not grant defendant an award of attorneys' fees. (Memorandum Opinion at 9) On July 27, 2006, defendant filed a Motion to Amend the Judgment and Petition for Attorneys' Fees.

I.  Defendant's Motion to Amend Judgment and Petition for Attorney's Fees should be denied.

   A.  Defendant has failed to comply with LCvR 7.1 (m)

LCvR 7.1 provides that:

Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a

2

good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Here, defendant failed to make any good faith effort, either in person or by telephone, to discuss either its motion or petition for fees. Accordingly, defendant's motion must be denied for failure to comply with the rules of this Court.

B. <u>The Court correctly found that plaintiff was not a "prevailing party."</u>

According to 20 U.S.C. § 1415(i)(3)(B), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." The IDEA does not define "prevailing party." However, in numerous fee-shifting statutes such as the IDEA, Congress has designated the "prevailing party," which is a legal term of art, to be entitled to an award of attorneys' fees. *See Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 602-603 (2001). The District of Columbia Circuit Court has squarely held that *Buckhannon* applies to the IDEA fee-shifting provision. *See Alegria v. District of Columbia,* 391 F. 3d 262, 263 (D.C. Cir. 2004). The Supreme Court has held that the plaintiff is a prevailing party for purposes of attorneys' fees only in two circumstances: enforceable judgments on the merits and court-ordered consent decrees (in some cases). *Buckhannon,* at 603-604. Both circumstances "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *See id.,* at 604, *quoting Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-793 (1989).

In *Buckhannon*, as here, the issue presented to the Court was whether a party could be considered to be a "prevailing party" if the underlying case was dismissed as

3

moot. The Supreme Court's decision was a resounding "no" when it stated "[w]e have only awarded attorney's fees where the plaintiff has received a judgment <u>on the merits</u>.... Never have we awarded attorney's fees for a <u>nonjudicial</u> 'alteration of actual circumstances.'" *Buckhannon* at 605. (Emphasis added)

In the instant case this honorable Court correctly determined that because the case became moot before a decision could be rendered on the merits, it "lack[ed] jurisdiction to either make a determination on the merits of this action or to order a consent decree...." (Memorandum Opinion at 9)

Defendant contends that *Buckhannon* is inapplicable to this case, and that she is a prevailing party because the Court granted her Motion to Dismiss. However, defendant is wrong in her assertions. The issue presented to the Court in the instant Complaint was whether or not the Hearing Officer erred in his March 28, 2005, decision when he ordered DCPS to continue to place and fund the student at the River School for the school year 2004-2005, despite plaintiff's arguments that its proposed placement at Key Elementary school was appropriate. This issue was never decided on the merits. Accordingly, fees are not warranted here, where there has been no judicial ruling on the merits. See *Haley v. Pataki,* 106 F.3d 478, 483 (2d Cir. 1997); *LaRouche v. Kezer,* 20 F.3d 68 (2d Cir. 1994). Thus, what determines whether a party is a "prevailing party" is not whether or not that party won or lost the case, but whether or not it received a favorable ruling based on the merits. Here, where the action was dismissed as moot, there is no prevailing party, as there was no disposition of the case on the merits.

4

C.  <u>Defendant's Petition for Fees is premature pending a ruling on her Motion to Amend Judgment.</u>

Combined with defendant's Motion to Amend Judgment is a Petition for Attorneys' Fees that includes time spent on researching, writing and filing her Motion to Amend Judgment.  Since no final appealable order has been issued in this case, defendant's Petition for Attorneys' Fees is premature.  See *Cummings v. District of Columbia,* Civ. No. 04-1426, (D.D.C., July 13, 2006) Order at 4.  Accordingly, plaintiff moves that this Court deny Plaintiff's Petition for Attorneys' Fees as premature, pending resolution of her Motion to Amend Judgment.  Should the Court grant defendant's Motion to Amend, plaintiff requests 15 days from the date of any such order in which to accept or challenge defendant's Petition.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General for the District of Columbia

        <u>/s/ Edward P. Taptich</u>
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        <u>/s/ Maria L. Merkowitz</u>
        MARIA L. MERKOWITZ [312967]
        Senior Litigation Counsel
        441 4th Street, N.W.
        Sixth Floor North
        Washington, DC 20001
        (202) 442-9842
        E-mail – <u>maria.merkowitz@dc.gov</u>

August 7, 2006