IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| | : | Civil Action No. 05-1309 |
| Plaintiff, | : | (RJL) |
| | : | |
| v. | : | |
| | : | |
| JEPPSEN | : | |
| | : | |
| Defendant | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ALTER JUDGMENT AND PETITION FOR ATTORNEYS' FEES**

COMES NOW, the Defendant, by and through counsel, and respectfully requests this honorable Court amend the judgment filed on July 13, 2006, and award the defendant reasonable attorney's fees as a prevailing party.

As stated in its Motion, the defendant was the prevailing party at the administrative level on the issue of placement for 2004-2005 school year. The plaintiff, then appealed the hearing officer's determination requesting that the placement proposed by DCPS be determined appropriate. The plaintiff also requested reimbursement for the tuition paid to the River School, the student's stay-put placement. A second due process hearing convened for the 2005-2006 school year and after beginning the hearing DCPS settled the case which then mooted this action. The Plaintiff, via this appeal, sought to change the prevailing party status. However, the Plaintiff's own actions rendered the appeal moot. Since the Plaintiff was unsuccessful in changing the results of the administrative decision below, the Defendant remains the prevailing party, and as such is seeking an award of reasonable attorneys' fees. The Defendant, therefore,

brought this motion pursuant to FRCP 59(e), to amend the Court's July 13, 2006, judgment, and allow the defendant to receive attorney's fees.

### **Defendant's Motion to Amend Judgment and Petition for Attorney's Fees should be granted.**

1. <u>The issue of attorney's fees has already been addressed by the plaintiff.</u>

The Plaintiff has already addressed its position on attorney's fees in previous filings with this Court. This attorney fee issue was addressed in plaintiff's opposition to Defendant's Motion to Dismiss when the plaintiff addressed the issue of prevailing party status. *See* Plf. Opp. to Mtn to Dismiss at 5 and 8. Additionally, after reviewing plaintiff's current Opposition, the Plaintiff made similar arguments that it had made in previous filings. Therefore, given that this issue has been ongoing throughout the briefing of this case, and given that the plaintiff's position has not changed, Plaintiff was not prejudiced by compliance with LcvR Rule 7.1(m).

2. <u>Given that the Plaintiff took action to Moot its own case, the Defendant is the Prevailing Party.</u>

The plaintiff argues that only two circumstances provide prevailing party status: enforceable judgments on the merits and court-ordered consent decrees. Such a statement is incorrect. *Buckhannon* simply mentions these two circumstances as examples of judicial imprimatur and not as an exhaustive list of outcomes which lead to prevailing party status. *Buckhannon,* 532 U.S. 598, 603 (U.S. 2001). In fact, The Court in *Buckhannon* cites the following definition of prevailing party "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded (in certain cases, the court will award attorney's fees to the prevailing party)." *Id*.

In the instant case, the Plaintiff lost at the administrative level and brought this action in

federal court seeking a reversal of the administrative decision issued by the Hearing Officer on March 29, 2005. Simultaneously, the Plaintiff settled a subsequent action involving the same issue (that of placement, but for a different school year) at the administrative level which rendered its own federal claim moot. The Court agreed in its July 13, 2006, opinion.

The underlying idea of judicial imprimatur is the creation of an alteration of the legal relationship between the parties. In this case the issue was school placement for the 2004-2005 school year. Now that this appeal has been dismissed, placement for the 2004-2005 has been resolved in the parent's favor. The Key school was not found appropriate given that DCPS did not pursue its placement case for the 2005-2006 school year. Additional, and equally as important, the Court found that the Plaintiff could not be awarded the River School tuition which was plaintiff's only remaining substantive relief. Therefore, not only did the Court dismiss the case, but it found that the tuition reimbursement sought by the Plaintiff was not an available remedy.

The plaintiff also argues that the facts in this case are not distinguishable from *Buckhannon* because both cases address mootness. In *Buckhannon*, the Court addressed a defendant who's voluntary action awarded the plaintiff the relief it was seeking. An analogous situation in this case would have occurred if the parent agreed to placement at the Key School for the 2005 -2006 school year.

This case, however, is the reverse of *Buckhannon* in that the Plaintiff mooted it own case. The Plaintiff brought this case because it believed the Key School was an appropriate placement for the student for the 2004-2005 school year. When the placement was again challenged by the defendant at an administrative hearing for the 2005-2006 school year, the plaintiff could not defend its case, and therefore agreed to keep the student at the River School. The Plaintiff's

inability to defend its case at the administrate level mooted this current action, which means that the parent prevailed on both the placement issue for 2004-2005 and the tuition reimbursement issue.

Lastly, as stated in the initial motion, the plaintiff protracted the litigation when it failed to withdraw its federal appeal after mooting its own claim. The Plaintiff continued to litigate this action and without citing any legal authority to support its request, the Plaintiff continued to seek reimbursement of tuition as relief, a form of relief contrary to the protections afforded to the parent by federal law. The Defendant was therefore required to expend money in defending against the Plaintiff's frivolous claim and request for relief. This Court stated, "requiring parents to reimburse school districts for tuition and other expenses paid to private schools under the stay-put provision is wholly inconsistent with the intent and spirit of the provision itself." (Opinion at 7.) Accordingly, this Court held that "there is no 'effectual relief' available to the plaintiff" and dismissed the case. (*See* Opinion at 8.) The Plaintiff, therefore, protracted the litigation, increased the costs to Defendant, and continued to litigate after the litigation clearly became unreasonable. *See, e.g.,* 20 U.S.C. §§ 1415(i)(3)(B)(i)(II), (III), and 1415(i)(3)(G).

3.  <u>The Petition for Attorney's fees was filed as an exhibit and is not premature</u>.

The petition for attorney's fees was filed as an exhibit to the initial Motion. It was not docketed as a separate petition or Motion. The petition, as an exhibit, relates directly to the relief requested in the Motion to Amend. An additional motion for attorney's fees will be filed if the Motion to amend judgment is granted.

.

August 14, 2006                                    Respectfully submitted,

                                                                        /s/
                                   ELLEN DOUGLASS DALTON, Esq.
                                   Counsel for the Defendant
                                   Bar # 411612
                                   Dalton, Dalton, & Houston P.C.
                                   1008 Pendleton Street
                                   Alexandria, Virginia 22314
                                   (703) 739-4300
                                   (703) 739-2323 (fax)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 14th day of August, 2006.

_____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Counsel for the Defendant