IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA : | |
| Plaintiff, : | |
| v. : | Civil Action No. 05-1309 (RJL) |
| JEPPSEN : | |
| Defendant. : | |

## DECLARATION OF PAUL S. DALTON

I, Paul S. Dalton, hereby declare and state the following.

1. I am a principal in the law firm of Dalton & Dalton, P.C. and I submit this declaration in support of reimbursement of attorneys' fees and expenses incurred on behalf of the Plaintiffs.

2. I received a Bachelor of Arts degree from the West Virginia University in 1975. I received a Juris Doctorate degree from the West Virginia University Law School 1979. I am a member of the bars of the District of Columbia, Virginia and West Virginia. I am admitted to practice in the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, the United States Circuit Court of Appeals for the District of Columbia, the Supreme Court of Virginia, the United States District Court of the Eastern District of Virginia, the United States Court of Appeals Fourth Circuit, the Supreme Court of Appeals of West Virginia, and the District Court of the Southern District of West Virginia.

3. After graduating from law school, I was the Assistant City Attorney for the

- Attachment C-1 -

City of Clarksburg, West Virginia with responsibilities of representing the interests of the City of Clarksburg, West Virginia in both General District Court and Circuit Court. As a 3rd year law student I successfully argued a case before the local Circuit Court on behalf of the Clarksburg, WV and upon graduation successfully argued the appeal of that case to the West Virginia Supreme Court where I appeared for oral argument in the case. Some years later I also successfully argued another case for the City of Parkersburg, WV, before the West Virginia Supreme Court.

From 1980 until 1985 I was an Attorney-Advisor for the United States Treasury, Bureau of the Public Debt. During that time I drafted a number of the regulations subsequently adopted for the Issuance of Series EE Savings Bonds and also published an article in the West Virginia Law Review on the transition from Series E to Series EE bonds.

In 1985 I entered the private practice of law and in 1993 persuaded my wife Ellen Douglass Dalton, a former partner in the law firm of Lewis, Wilson, Lewis and Jones to form the Firm of Dalton & Dalton, P.C.   Prior to the formation of our firm my private practice centered on the representation of children suffering from abuse and neglect and general civil litigation. Shortly after our firm's formation I decided to adopt an almost exclusive focus on the representation of children with special education needs.

To this end I have represented numerous children and their families concerning special education issues. I have represented over 250 children in the District of Columbia, Maryland, Virginia, and West Virginia. I have participated in at least 100 administrative hearings, including due process hearings and manifestation

hearings, and have secured dozens of settlement agreements. Numerous D.C. Superior Court neglect judges have appointed me to represent the educational interests of wards of the District. I presented the oral argument of behalf of the plaintiffs in the case of *Sellers v. School Board of the City of Manassas*, 141 F.3d 524 (4th Cir. 1996), *cert. denied*, 119 S.Ct. 168 (1998). Finally, a national education services organization has asked me to participate in a seminar on the Individuals with Disabilities Education Act.

4. I am familiar with the prevailing market rates for legal services in the Washington, D.C. area. The rates charged by me are the current markets rates that are charged to paying clients of my firm and are well within range of prevailing rates in the D.C. market for legal services in special education cases.

5. The District of Columbia has paid my attorney fee petitions at my current rate of $295.00.

6. I have maintained contemporaneous, regular, complete records of all the time I have spent providing legal services in connection with the matter. Those records, which contain a summary description of time and services rendered on a daily basis, were entered into a computerized billing memorandum by a secretary under my direction. I have personally reviewed the billing memorandum for legal services furnished in connection with this case and for which fees and expenses are sought in this motion.

7. Attachment A to this Declaration contains an accurate itemized description of the legal services in connection with these cases furnished by me, Paul S. Dalton during the period for which compensation is sought. Attachment A and the exhibits further provide applicable billing rates, amounts recorded and the amount

requested for each service provided on behalf of the student. The exhibits to Attachment A were prepared at my direction and under my supervision, utilizing the contemporaneous time records and computerized billing summaries. As reflected in the summary, we are presently seeking $7,336.67 based on current rates and in my judgment this is a reasonable amount that would be billed to a paying client in similar circumstances.

    8.    Throughout this proceeding, I have endeavored to represent the interest of the plaintiffs in the fullest and most efficient way possible. I have endeavored to avoid any unnecessary duplication of work. The time for which I am claiming compensation is detailed in the attached summary and was reasonably and necessarily expended.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2004.

       /s/
Paul S. Dalton
D.C. Bar Number 439118