**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 05-1309 (RJL) |
| JEPPSEN | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
PETITION FOR ATTORNEYS' FEES**

COMES NOW, the Defendant by and through counsel, and files this Reply to Plaintiff's

Opposition to Defendant's Petition for Attorneys' Fees.  Plaintiff opposes Defendant's Petition

for Attorney's Fees claiming that the fees outlined in Defendant's Petition are unreasonable and

that they are barred by the statutory fee cap in the District of Columbia.  However, as the Petition

clearly states, Defendant's request for fees is reasonable.  Moreover, the request is not barred by

the statutory fee cap.

**I.     THE AWARD REQUESTED IS REASONABLE.**

Defendant's request is based on a reasonable hourly rate that is consistent with the rates

prevailing in the community, and the number of hours worked were reasonable and necessary to

obtain the results.  Furthermore, Defendant's counsel exercised the requisite billing judgment,

and the fees requested are all permissible and compensable.

**A.**     **The hourly rates requested are reasonable and consistent with the rates prevailing in the community.**

Both Plaintiff and Defendant agree that the work of the Defendant's counsel should be valued at a rate which reflects the attorneys' billing practices for similar work; the experience, reputation and skill of the attorneys; and the prevailing market rates. Defendant's counsel submitted affidavits describing their respective levels of experience and current billing practices for cases similar to the instant case. Affidavits such as these are often relied upon by courts to determine the reasonableness of attorneys' fees and may constitute sufficient evidence of the reasonableness of fees. *See Bailey v. District of Columbia*, 839 F. Supp. 888, 890 (D.D.C. 1993). This Court should give weight to the affidavits of Defendant's counsel submitted with Defendant's Petition for Attorneys' Fees. Plaintiff does not articulate any basis for discrediting the veracity and accuracy of these affidavits. The information therein provides sufficient evidence to support the reasonableness of Defendant's attorneys' fees.

Not only does Defendant's counsel have extensive experience in this field, but their current billing practices for cases similar to the instant case are consistent with the fees requested. Defendant's counsel currently charges the disputed rates to both their individual paying clients and LEA charter school clients. Moreover, the District of Columbia has paid Defendant's counsel's attorney fee petitions at the current disputed rates on numerous occasions in the past.

The disputed rates are also consistent with prevailing market rates. Several courts have relied on the Laffey Matrix for IDEA cases and this Court should do the same. *See Alfonso v. District of Columbia*, 464 F. Supp. 2d 1, 5 (D.D.C. 2006); *District of Columbia v. R.R.*, 390 F.

Supp. 2d 38, 41 (D.D.C. 2005). Plaintiff argues that the Laffey Matrix should not be considered for IDEA cases because it is intended for complex federal litigation, but it is clear based on these decisions, and the matrix itself, that it is intended to be used in all cases in which a "fee shifting" statute permits the prevailing party to recover reasonable attorneys' fees, including IDEA cases.

### B.         The hours expended were reasonable and are compensable.

Defendant's counsel provided detailed records of the time spent on the instant matter, much of which Plaintiff claims was unreasonable. Plaintiff characterizes much of the work performed as clerical, but this characterization is misplaced. This Court has previously found that such tasks are compensable when they are performed by attorneys working as solo practitioners or in small firms. *See Bailey*, 839 F. Supp. at 891. That Court explained that denying compensation for these tasks would unfairly punish these attorneys and their clients for not staffing these cases as if they had the manpower of a major law firm. *Id*. Defendant's counsel fit within the class of attorneys described by the Court in *Bailey*, and as such, the time spent performing so-called "clerical tasks" is compensable and should be awarded.

Plaintiff also argues that travel time is not compensable, but the Court in *Bailey* also found that such time is compensable if it is reasonable. *Id*. at 892. In the instant case, the requested fees related to travel are modest and reasonable and Plaintiff has offered no reason to question these expenses. Therefore, Defendant should be able to recover these costs in full.

Plaintiff further alleges that the remaining fees requested are excessive, but fails to articulate how they are excessive. Defendant's counsel has provided this Court with extensive and detailed billing records and affidavits attesting to the accuracy of these records and the necessity of the work performed. Plaintiff fails to establish that the work performed was not

necessary to the success of Defendant, and therefore the fees should be awarded in full.[1]

## II.     THE AWARD REQUESTED IS NOT BARRED BY THE STATUTORY FEE CAP.

The statutory attorney fee cap does not apply in situations where the District of Columbia

is the Plaintiff.  *District of Columbia v. R.R..*, 390 F. Supp. at 42.  In both *R.R.* and the instant

case, the District of Columbia is the party seeking relief from the administrative decision, and the

Court in *R.R.* makes it clear that the plain language of the fee cap statute indicates that the fee cap

applies *only* in actions brought *against* the District of Columbia.  *Id*. (Emphasis added.)

"Furthermore, all case law relating to the fee cap is confined to its application to the attorney's

fees for parents who brought suit against the District of Columbia."  *Id*.  The present case was an

action brought by the District of Columbia against the Defendant, and as such, the statutory fee

cap does not apply and Defendant is entitled to full recovery of the fees awarded.

## III.    CONCLUSION

WHEREFORE, as the prevailing party, Defendant is entitled to an award of reasonable

attorneys' fees.  Defendant's Petition for Attorneys' Fees and Attachments submitted therewith

set forth in detail the fees requested.  Defendant's counsel have significantly limited their request

for fees to only that time which would be charged to regular paying clients after the exercise of

reasonable billing judgment.  Furthermore, Defendant's counsel fees are reasonable based on

their experience, current billing practices and prevailing market rates.  The hours expended and

---

[1]Defendant believes that it is within the discretion of this Court to award reasonable fees related to work performed in this Court as well as in the Court of Appeals.  Defendant was unable to locate any case law from this jurisdiction regarding this Court's discretion to award fees related to work performed in the Court of Appeals.  However, there is case law from the Eighth Circuit that acknowledges the District Court's discretion to award fees incurred in the Court of Appeals.  *See A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 84 (2d Cir. 2005); *G.M. v. New Britain Bd. Of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999).

work performed were also reasonable in light of the length and complexity of the instant matter

as well as the size of the Defendant's counsel's practice.  Finally, the statutory fee cap does not

apply to the instant case because the District of Columbia is the party that brought the action and

both the plain language of the statute and case law make it clear that the fee cap does not apply in

rare situations where the District of Columbia is the Plaintiff.

For the foregoing reasons, the Defendant respectfully requests that this honorable Court

amend its judgment filed on July 13, 2006 and award the Defendant reasonable attorneys' fees in

the amount of $48,228.00.


June 4, 2008                                                        Respectfully submitted,


_____/s/_____
ELLEN DOUGLASS DALTON, Esq.
Bar # 411612
_____/s/_____
PAUL S. DALTON, Esq.
Bar # 439118
Counsel for the Defendant
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (fax)

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 4th day of June, 2008.


_____/s/_____
ELLEN DOUGLASS DALTON, Esq.

_____/s/_____
PAUL S. DALTON, Esq.
Counsel for the Defendant