IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**THE DISTRICT OF COLUMBIA**      :
                                  :
       **Plaintiff,**          :
                                  :
v.                                :    Civil Action No. 05-1309 (RJL)
                                  :
**JEPPSEN**                       :
                                  :
       **Defendant.**          :
                                  :
_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PETITION FOR ATTORNEY'S FEES**

Comes now plaintiff, by counsel, and responds to defendant's Reply to Plaintiff's Opposition to Defendant's Petition for Attorneys' fees as follows:

    I.    **DEFENDANT HAS FAILED TO ESTABLISH THAT THE FEE AWARD REQUESTED IS REASONABLE.**

The fee applicant in a petition for attorneys' fees brought pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec. 1400 *et seq* ("IDEIA") bears the burden of establishing all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours and justifying the reasonableness of the rates. See *Blum v. Stenson,* 465 U.S. 866,896 n. 11 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Covington v. District of Columbia,* 313 U.S. App. D.C. 16, 57 F.3d 1101, 1107 (1995), *cert. denied,* 516 U.S. 1115 (1996). Defendant has failed to do so here.

**A. Defendant has failed to establish that the hourly rates requested are reasonable and consistent with the rates prevailing in the community.**

Defendant bears the burden of establishing the hourly rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 866, 895 n. 11 (1984). The determination of "prevailing market rates" for attorney services is not a precise, mechanical task, because hourly rates for legal services vary widely, even for similarly experienced counsel. The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case.

Here, defendant relies totally on the Laffey Matrix to support the claimed hourly rates and cites two cases to support her position; *Alfonso v. District of Columbia,* 464 F. Supp. 2d 1, 5 (D.D.C. 2006), and *District of Columbia v. R.R.,* 390 F. Supp. 2d 38, 41 (D.D.C. 2005). (Defendant's Reply at 2-3) Plaintiff does not disagree that these earlier cases supported the use of the Laffey Matrix, however, defendant fails to distinguish the cases she cites with one of the latest District Court of the District of Columbia's ruling, *Agapito v. District of Columbia, Civ.* No. 05-1935 (D.D.C., November 30, 2007,) cited in plaintiff's Opposition at 10. In *Agapito,* the Court "decline[ed] to rely on the Laffey Matrix for these relatively straightforward IDEIA cases." (Memorandum Opinion at 7) Nor does defendant provide any case law contesting plaintiff's arguments set forth in its Opposition (pp. 5-7) that the Laffey Matrix is <u>only</u> applicable to <u>complex federal litigation</u>,[1] and that legal work consisting primarily of administrative hearings is not complex federal litigation. *See also Agapito v. District of Columbia , supra* at 7).

---

[1] See *Covington v. District of Columbia*, 57 F.3d 1101 (D.C. Cir. 1995)

2

Defendant claims that the attorneys' own self serving affidavits, one dated as far back as four years ago, suffice to comply with *Bailey v. District of Columbia,* 839 F. Supp, 888, 890 (D.D.C. 1993,) cited in their Reply at 2. However, in *Bailey, supra* at 890, "[d]efendants have submitted the billing rates of the eight attorneys in the District of Columbia who practice primarily in the special education field. (Plaintiffs have submitted the billing rates for three of these lawyers, confirming defendants' data.)"  Here, defendant's counsel has submitted nothing other than their own self serving affidavits. No affidavits have been submitted attesting to the actual rates charged by lawyers who do similar work. No one attests separately to the work of any of the members of the Dalton law firm, or to have observed any of them in court or at an administrative hearing under the IDEIA. Simply put, defendant has failed to justify the reasonableness of her rates. *See Blum v. Stenson,* 465 U.S. 866,896 n. 11 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Covington v. District of Columbia,* 313 U.S. App. D.C. 16, 57 F.3d 1101, 1107 (1995), *cert. denied,* 516 U.S. 1115 (1996).

### B. **Defendant has failed to establish that the hours expended were reasonable and compensable.**

Defendant has the burden of establishing the reasonableness of her fee request (see, e.g., *In re North,* 59 F.3d 184, 189 (D.C. Cir. 1995)) and "supporting documentation" must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended," *In re Olson,* 280 U.S. App. D.C. 205, 884 F.2d 1415, 1428 (D.C. Cir. 1989) (per curiam) (emphases omitted) (quoting *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 n.2 (6th Cir. 1984)).

While defendant has submitted billing statements for work allegedly performed on this case, as stated in plaintiffs Opposition, defendant's bills do not reflect where she exercised billing judgment. Further, defendant has "block billed" and billed for impermissible items. (Plaintiff's Opposition at 2, 11-16) Defendant does not address plaintiff's arguments except to say that defendant apparently should be paid attorneys' rates for clerical work according to this Court's decision in *Bailey v. District of Columbia,* 839 F. Supp. 888, 891 (D.D.C. 1993), where the Court found that because plaintiff's counsel was a sole practitioner he should not be penalized for lacking the resources to retain a staff to handle such tasks more economically. (Reply at 3)

In the first instance, plaintiffs counsel at the time of this litigation consisted of three senior attorneys (Paul Dalton, Ellen Dalton, and William Houston), at least two junior attorneys (Laura Duos and Jessica Smith) and at least one administrative employee (SE) (name unknown). Thus, the facts of *Bailey* are inapplicable to the case at hand. Second, defendant disregards *Thomas v. District of Columbia, Civ.* No. 03-1791 (Report and Recommendation 3/2/2007 and Order 3/22/2007), a much later case involving the same attorney as that in *Bailey,* wherein the Court reduced counsel's rates for tasks deemed to be clerical.

Further, defendant fails to counter plaintiff's argument that she should be denied reimbursement for travel time, other than to say the time expended was reasonable. (Reply at 3) Defendant still does not say what work was performed during the travel time, if any, as required by *Abbot v. The Village of Winthrop Harbor,* 199 U.S. Dist. LEXIS 13346, *14 (N.D. Ill.).

II. **DEFENDANT'S FEE REQUEST IS LIMITED BY A STATUTORY FEE CAP.**

The District of Columbia Appropriations Acts limit the amount of attorneys' fees the District of Columbia may pay to private parties in IDEIA cases to $4000.00 per "action." *See, e.g* Sec. 819 of the District of Columbia Appropriations Act of 2003, Pub. L. No. 110-161, 121 Stat.2764 (2007), which states:

(a) None of the funds contained in this Act may be made available to pay - -

(1) **the fees of an attorney who represents a party in an action** OR an attorney who defends an action brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 *et seq.)* in excess of S4,000 for that action....[Emphasis added]

In *Jester v. District of Columbia,* 474 F.3d 820, 821-22 (D.C. Cir. 2007), the Court held that judicial and administrative proceedings are part of the same "action" for purposes of the fee cap and IDEIA. *Jester* follows *Kaseman v. District of Columbia,* 444 F.3d 637 (D.C. Cir. 2006), in which the Court held that administrative proceeding; and ancillary fee litigation are the same action for purposes of the fee cap and IDEIA. Moreover, the Court in *Jester* specifically referred to judicial proceedings in which the District is the plaintiff in rejecting the parent's argument that administrative and judicial proceedings are separate actions. The Court observed, that normally, if a *defendant* parent loses in district court after winning in administrative proceedings, she would not be entitled to any fees. Conversely, if the parent loses at the administrative level and wins in the district court, she would be entitled to recover fees and costs from beginning to end. *Jester,* 474 F.3d at 821-22. But if the two proceedings are viewed as separate actions, as *Jester* urged, the parent could recover fees at the administrative level even though the parent ultimately lost in district court, and could not recover fees at the administrative level even though the parent ultimately won in district court. That result would be "senseless" the Court held. *Jester 474*

5

F.3d at 822.

Both *Jester* and *Kaseman* were decided by the United States Court of Appeals for the District of Columbia Circuit subsequent to the United States District Court for the District of Columbia's decision in *District of Columbia v. R.R.,* 390 F. Supp. 2d 38 (D.D.C. 2005) incorrectly cited by defendant on page 4 of her Reply. In *R.R.* it appears that the Court erroneously determined that the fee cap was inapplicable when a parent's attorney was defending an action brought by DCPS, basing its decision only on the second part of the disjunctive sentence quoted above. However, the plain language of the statute indicates that the fee cap applies to the fees of an attorney who represents any party in the action, not just when that attorney represents a plaintiff.

Here, defendant's counsel has already received $4,598.75 for work done in the administrative hearing in this case. Accordingly, in any order of this Court awarding any of the requested fees, the Court should include an acknowledgement that the District's liability to <u>pay</u> that award is limited by the current fee cap. *See Spilsbury v. District of Columbia,* CA. No. 02-374 (D.D.C.) (March 31, 2005)

## **CONCLUSION**

Defendant's counsel have failed to justify the amount they seek in their application for fees, either because they have failed to establish entitlement to the fees claimed or because they have failed to establish their reasonableness. Since defendant bears the burden of proving these elements, defendant's fee request should be disallowed, or at a minimum substantially reduced. Further, in any order of this Court awarding any of the requested fees, the Court should include an acknowledgement that the District's liability to <u>pay</u> that award is limited by the current fee cap.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

/*s/ Maria L. Merkowitz*
MARIA L. MERKOWITZ [312968]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9842
FAX – (202) 727-3625
Maria.merkowitz@dc.gov

June 11, 2008