UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 05-1309 (RJL) |
| CAROLYN JEPPSEN, M.J. By her parent and next friend, | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(February 24, 2010) [# 27]

Defendant Carolyn Jeppsen has moved for an award of attorneys' fees in the wake of her and the plaintiff's settlement of this Individuals with Disabilities Education Act ("IDEA") matter. Plaintiff opposes the motion. Based on careful consideration of the parties' pleadings, applicable law, and the entire record herein, defendant's motion will be GRANTED.

BACKGROUND

This case began when the District of Columbia sought a new school placement for Jeppsen's daughter, M.J. *See District of Columbia v. Jeppsen*, 468 F. Supp. 2d 107, 109 (D.D.C. 2006). M.J. has a hearing disability which had required her to attend a private school at the District's expense. *See id.* After one of the District's public schools began a special program for the hearing impaired, it tried to move M.J. from the private school

1

where it paid for M.J.'s tuition to the new public school program. *See id.*

Jeppsen challenged the District's attempt in a statutory "due process hearing" and prevailed; the hearing officer who heard M.J.'s case ruled that she should remain in the private school. *See id.* at 109-10. The District then initiated this case seeking declaratory relief, costs, expenses, and attorneys' fees. While the District's case was pending, it once again tried to move M.J. from private to public school. *See id.* at 110. This time, the District and Jeppsen reached a settlement which would allow M.J. to remain in private school. *See id.* After settlement, Jeppsen moved to dismiss the District's action against her as moot and for an award of attorneys' fees. The case was dismissed, and the Court now addresses her motion for fees.

## ANALYSIS

This case is on remand from the Circuit Court, which held that Jeppsen was a "prevailing party" under the IDEA. *See District of Columbia v. Jeppsen*, 514 F.3d 1287, 1291 (D.C. Cir. 2008). Thus, it is now within this Court's discretion to award Jeppsen "reasonable attorneys' fees" if appropriate. 20 U.S.C. § 1415(i)(3)(B). Jeppsen's counsel has submitted bills and other documents in support of their request for a fee award of $48,228.00. Predictably, the District argues that these bills are unreasonable and therefore asks the Court to deny Jeppsen's request either in part or whole. For the following reasons, the Court finds Jeppsen's request to be reasonable and thus grants her fees in the amount of $48,228.00.

Under the IDEA, an award for fees must be based on the billing rates prevailing in the community. 20 U.S.C. § 1415(i)(3)(C). Jeppsen argues that the hourly rates charged by her counsel fall within the so-called "*Laffey* matrix," a fee schedule of presumptively reasonable rates which was adopted by our Circuit in *Laffey v. Northewst Airlines, Inc.*, 746 F.2d 4, 12-13 (D.C. Cir. 1984).[1] (*See* Def.'s Mot. for Fees at 3-4.) The District does not contest whether Jeppsen's counsel billed within the *Laffey* matrix; rather, it argues that the *Laffey* matrix should not be applied to this case. (*See* Pl.'s Opp'n at 5-8.)

The District's argument misses the mark because it relies on a case which is distinguishable from this action. In *Agapito v. District of Columbia*, 525 F. Supp. 2d 150, another judge of this Court declined to apply the *Laffey* matrix to certain requests for fees arising from IDEA litigation. *See id.* at 155. *Agapito* is inapposite, however, because it found the *Laffey* matrix an unreasonable basis to calculate billing rates for IDEA litigation in *administrative* proceedings. *See id.* at 152. Here, all of the fees requested by Jeppsen were incurred after the administrative process had concluded. In fact, the fees incurred in this case arise exclusively from federal litigation – litigation which the District initiated! Given the facts of this case, the Court finds the *Laffey* matrix applicable. *See District of Columbia v. R.R.*, 390 F. Supp. 2d 38, 41 (D.D.C. 2005).

Having concluded that defense counsel may be awarded fees at the rates they

---

[1] Periodically, the United States Attorney's Office for the District of Columbia updates the *Laffey* matrix to reflect current billing rates in the community. (*See* Mot. for Fees Ex. B.)

billed, the Court must next consider whether the hours and items billed for are in fact reasonable. The District argues they are not for several reasons. First, the District claims the defendant's bill is unreasonable because counsel did not exercise "billing judgment" by specifically identifying those hours which were excluded from their fee petition. (*See* Pl.'s Opp'n at 12.) Failing to specify hours which were written off is not a fatal deficiency, however, so long as the Court can discern that the time claimed "was necessary and reasonable and that any nonproductive time was excluded from the request." *See Cook v. Block*, 609 F. Supp. 1036, 1041 (D.D.C. 1985). In this case, the Court finds defendant's bills to reflect reasonable and productive time.

Next, the District objects to any clerical or administrative bill items. (*See* Pl.'s Opp'n at 13-15.) It is true that such services are "generally considered within the overhead component of a lawyer's fee" and therefore not compensable in a fee award. *In re Olsen*, 884 F.2d 1415, 1426-27 (D.C. Cir. 1989). This rule is not necessarily applied to solo practitioners or small firms, however, because "denying . . . compensation for these tasks would unfairly punish [parties] and their counsel for not staffing . . . as if they had the man power of a major law firm." *Bailey v. District of Columbia*, 839 F. Supp. 888, 891 (D.D.C. 1993). Furthermore, the Court disagrees with the District that defendant's bill contains vague, impermissible, duplicative, or otherwise unreasonable entries.

Accordingly, the Court finds that Jeppsen's fee request for $48,228.00 is reasonable. Moreover, this case appears to be one of the rare instances where the

District's fee cap rider does not apply to limit Jeppsen's fee award. In most IDEA cases, Section 327 of the District of Columbia Appropriations Act, 2005, Pub. L. No. 108-335 prevents the District from paying fee awards in excess of $4,000. But the cap does not apply to cases brought by the District of Columbia, so Jeppsen may recover the fees she incurred to defend against the District's suit. *See R.R.*, 390 F. Supp. 2d at 42.

For all these reasons, Jeppsen's Petition for Fees is GRANTED. The Court awards Jeppsen fees in the amount of $48,228.00. An Order consistent with this Memorandum Opinion will be issued separately.

RICHARD J. LEON
United States District Judge